STEPHEN H. PITKIN, Plaintiff in Error, *v.* JOHN S. YAW, Defendant in Error.

ERROR TO FULTON.

In an action of ejectment, to recover possession of land by virtue of a tax title, a variance between the judgment and precept may be taken advantage of on trial.

In such case, where the judgment is for ninety-nine cents, and the precept recites a judgment for one dollar and twenty-five cents, it is a fatal variance.

It is improper that a motion to amend the precept to make it correspond with the judgment, should be entertained at the trial of an action upon such a title.

A variance between the judgment recited in the tax-deed, and the judgment upon which such deed is founded, is good cause for excluding such deed as evidence.

Where the judgment offered in evidence is against eight lots, and the deed offered recites a judgment against two lots, it is a fatal variance.

In an action of ejectment, the plaintiff must show title in himself at the time of the commencement of the suit.

A tax-deed, bearing date after the commencement of the suit, conveying the premises in controversy to the plaintiff, cannot be admitted in evidence, although the tax-sale was made prior to the commencement of such suit.

THIS cause was heard before KELLOGG, Judge, at March term, 1851. The facts of the case are set out in the opinion of the court. Pitkin brought the case to this court, and assigned errors.

H. M. WEAD, for plaintiff in error.

J. MANNING, for defendant in error.

TREAT, C. J. This was an action of ejectment brought by Pitkin against Yaw, to recover the possession of two lots in the town of Farmington. The declaration alleged title in the plaintiff, on the 1st of June, 1850.

On the trial, the plaintiff read in evidence the record of a judgment of the Fulton Circuit Court, rendered at the March term, 1847, against certain real estate for the taxes due thereon for the year 1844. Amongst this real estate were eight town lots, including the two in controversy, assessed together at $150. The judgment against the eight lots was ninety-nine cents, the amount of the taxes and costs.

He next offered in evidence the precept issued on the judgment, which recited a judgment against the eight lots for $1.25. It was rejected by the court. He then entered a motion to amend the precept, so as to correspond with the judgment, which was refused.

He next offered a sheriff's deed for the lots in controversy, dated the 20th of February, 1850. The deed recited a judgment against the two lots for ninety-nine cents, a sale of the same to Davidson, and an assignment of the certificate of purchase to the plaintiff. This deed was excluded.

He then offered a sheriff's deed for the two lots, dated the 4th of January, 1851. The deed recited a judgment against the eight lots for ninety-nine cents, a sale of the same to Davidson, and an assignment of the certificate of purchase to the plaintiff. This deed was rejected, and the defendant had judgment.

*First.* The precept was properly excluded. A party claiming title by virtue of a sale for taxes, must show a valid judgment against the land, a precept authorizing the sale thereof, and a sheriff's deed to the purchaser or his assignee. The precept is the authority under which the sheriff makes the sale. It performs the same office in this respect, as an execution on an ordinary judgment. It should substantially pursue the judgment. It ought correctly to describe the judgment that has been entered

against the land. Trifling variances between an execution and the judgment on which it issues, as to the amount of the latter, have in some instances been disregarded. But in this case the variance was material. The precept described a judgment more than a fourth larger in amount than the one actually rendered. The cases cited on the argument, to show that a variance between an execution and judgment may be overlooked, were very different cases from the present. The variances were trivial and unimportant, and were therefore disregarded by the courts.

*Second.* The court did not err in refusing the motion to amend the precept. If such an amendment is allowable, it should only be made upon a distinct application to the court for the purpose. The application should have no connection with any other case. A contrary practice would introduce much confusion and inconvenience into judicial proceedings. A court engaged in the trial of a case, ought not to be delayed and embarrassed, by a motion to amend the record of another proceeding, which is but collaterally in question before it. Such an application might involve the necessity of bringing other parties and different interests before the court.

*Third.* The first deed was clearly inadmissible. It described a different judgment than the one read in evidence. The judgment was against eight lots, while the deed recited a judgment against but two. This was a fatal variance. If the judgment can be considered as valid, it must be because the eight lots were so situated as properly to constitute a single tract of land. Spellman *v.* Cartenius, 12 Illinois, 409. If the judgment is to be regarded as against all of the lots as one tract, it should be so treated in the proceedings under it. The whole of the lots would have to be exposed to sale as one tract, and the party offering to pay the taxes and costs for the least portion, would have that portion assigned him from the east side of the tract, without reference to any subdivision into lots.

*Fourth.* The second deed was also properly rejected. That deed showed that the plaintiff acquired title, after the time laid in the declaration. A plaintiff in ejectment must prove, on the trial, that he had title to the premises in dispute, on the day named in the declaration. It was so expressly ruled in Wood

*v.* Morton, 11 Illinois, 547. In that case, the plaintiff acquired title subsequent to the time alleged in the declaration, though prior to the commencement of the suit, and this Court held it to be a fatal objection to his recovery. The doctrine of relation does not exempt the case from the operation of this rule.

The judgment is affirmed.

*Judgment affirmed.*