Baily *v.* Doolittle et al.

ants, nor hath either of them, paid the same or any part thereof, to the damage of the said plaintiff of ten thousand dollars, and therefore they bring this suit, etc.

To this declaration the defendants filed their demurrer.

The court having considered the demurrer to the amended declaration, held that said declaration is insufficient in law, and therefore ordered and considered that said demurrer be sustained; and the plaintiffs not asking leave to further amend their declaration, it was adjudged that said defendants go hence *sine die,* and recover of the said John H. Kedzie their costs herein expended, to be taxed, and have execution therefor.

Error assigned: The sustaining of the defendants' demurrer to plaintiff's declaration, by the court below.

D. P. Jenkins, for Plaintiffs in Error.

B. C. Cook, and W. H. L. Wallace, for Defendants in Error.

Samuel P. Baily, Appellant, *v.* Martha and Mary Doolittle, and Isabella Sampson, Appellees.

APPEAL FROM TAZEWELL.

A tax deed cannot be admitted, as evidence of title, until the foundation is laid by the production of a judgment and precept, regular and sufficient on their face.

The absence of any words or characters to show what is the meaning of the figures used in the judgment or precept, or what is the amount of the sum intended to be represented thereby, is a fatal defect.

A party to a contract for the purchase of land by which he has agreed to pay al taxes thereon, is not permitted to apply such payments of taxes on a tax title and thereby defeat the title of his vendor.

37

THIS was a petition for a partition of the land in controversy, filed by appellees against appellant and one Isabella Sampson. On the trial in the Tazewell Circuit Court, before HARRIOTT, Judge, and a jury, appellees proved title to two undivided thirds of the land. Appellant claimed under a tax deed from the sheriff, given in 1847 for the taxes of 1845. The precept and judgment adduced as the foundation of the deed, had no dollar mark or other indication to show what the figures in the lists were intended to represent. He also proved payment of taxes from 1847 to 1856 inclusive, and possession of the land for a part if not all that time. Appellees then called on Baily to produce a contract, one made concerning said land, between him and Doolittle, which was done, and the plaintiff then offered the same in evidence; to the reading of which, the defendant objected, which objection was overruled by the court. The contract is as follows : " This day sold S. P. Baily, forty acres of land, it being north of S. P. Baily's tract which his house is on, and the same is west of a tract owned by John King, of Peoria, or his assigns ; the same is to be paid for by said Baily in notes on good and responsible men, to the amount of $200 ; said Baily is to pay all taxes, and they are to be deducted from the amount of $200, and R. S. Doolittle is to make said Baily a deed, on the delivery of said notes.

*Pekin, Feb. 16th,* 1847.                         R. S. DOOLITTLE."

Baily admits the land described in Doolittle's agreement, is the land in controversy.

It was admitted by the petition that appellant was entitled to one undivided third during the life of R. S. Doolittle, he having purchased Doolittle's interest as tenant by the courtesy.

Verdict and judgment for plaintiffs, that they are entitled to two-thirds of the land, and Isabella Sampson to one-third, all subject to Baily's interest in one undivided third during the life of R. S. Doolittle. Appeal by Baily to this court.

B. S. PRETTYMAN, for Appellant.

JAMES ROBERTS, for Appellees.

WALKER, J. It appears from the evidence that petitioners were the owners in fee of two undivided third parts of the premises, and Isabella Sampson one-third, in fee, unless the appellant has shown a better title. For that purpose he introduced in evidence a sheriff's deed on a sale of this land for taxes in April, 1845, dated on the 7th day of May, 1847, the certificate of purchase given on that sale having been previously assigned to him. Also, receipts for the payment of all taxes for the years

1847 to 1856, inclusive, on the land in controversy. He also introduced evidence showing a possession of the premises a portion if not all of the time from the fall of 1849 to commencement of this proceeding, by tenants or otherwise. The petition admits that appellant owned an undivided third of the premises during the life of R. S. Doolittle, and the decree so finds.

The tax deed read in evidence, although made by the statute *prima facie* evidence of the listing and assessment, the nonpayment of the taxes, that it was not redeemed, etc., cannot be admitted as evidence of title until the foundation is laid, by the production of a judgment and precept, regular and sufficient on their face. In this case, no such judgment and precept were adduced. Neither the judgment or precept was for any sum of money. The figures used have no words, characters, marks or letters, indicating the sum intended to be represented. This defect, we have repeatedly held, is fatal to the validity of a tax sale.

But this deed, although not title, was color of title under the first section of the limitation act of 1839, and if all the requirements of that act have been complied with, it affords a bar to a recovery. This depends upon the effect of the contract for the purchase of these premises by appellant, from R. S. Doolittle, on the 16th day of February, 1847, in which he was to pay the sum of two hundred dollars, and to pay all future taxes on the land, which were to be deducted from the purchase money, and he was to receive a deed upon payment of that sum. This agreement was in the possession of appellant, was produced by him on the trial, and there is no evidence that it was ever rescinded, or in any way released or discharged. The fact that he held this contract for the purchase of this land, is evidence that he assented to, and was bound to comply with its terms. That when he received it, he undertook, on his part, to pay the purchase money and the taxes, on the land. To have relieved himself from that obligation, he should have offered to perform his part of the agreement, and if Doolittle had failed to comply on his part, then he should have rescinded the contract, or in some other mode have relieved himself from its performance. But as it was never rescinded, when he made the payment of these taxes, it must be held, that it was under the contract, for the benefit of Doolittle, and not for himself, under his tax title.

Having purchased of Doolittle, he thereby admitted his title, and having agreed, under that purchase, to pay all taxes, under that agreement he has no right to refer their payment to his tax title, and thereby defeat the title of his vendor. He is bound to keep his agreement in good faith. And to permit him to apply the payment of these taxes, under his tax title, to create

a statutory bar, would be to permit him to perpetrate a fraud upon his vendor. He takes the agreement, holds it as a valid and subsisting contract against his vendor, proceeds on his part to comply with his part of the agreement by paying the taxes, as a part of the purchase money, and to allow these payments to be otherwise appropriated, would doubtless be contrary to the design of the parties. The petitioners had the right to rely upon his payments as being made under this purchase, and not as having been made to acquire a bar to their recovery.

This view of the case renders it unnecessary to examine the question, whether the possession of appellant was of that character required by the statute, as the payment of taxes did not concur with the tax title.

We perceive no error in this record for which the judgment below should be reversed. It is therefore affirmed.

*Judgment affirmed.*