## ROYAL A. B. MILLS
### *v.*
### HENRY GRAVES.

EJECTMENT — *conveyance by plaintiff pending suit.* Under our statute, a conveyance of plaintiff's title to a third person, pending suit, does not defeat his right of recovery. In such case the recovery in ejectment inures to the benefit of the grantee of the plaintiff.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

On the 9th of April, 1855, Royal A. B. Mills commenced an action in the Circuit Court of Cook county, against Henry Graves, for the recovery of a tract of land in the city of Chicago.

On the trial of the case before the court — a jury having been waived — Graves offered to prove that on the 2d of April, 1861, after the commencement of the suit, the plaintiff, Mills, conveyed all his title in the premises to one Henry L. Rucker. To this the plaintiff's counsel objected, but the court overruled the objection, admitted the proof, and gave judgment for defendant; to reverse which the plaintiff prosecutes an appeal to this court.

Mr. J. S. PAGE, for the appellant.

Mr. J. L. STARK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by the argument in this case is, whether, in an action of ejectment, a conveyance to a third

person, by the plaintiff, pending the suit, will defeat the action. The authorities cited are contradictory. In *Cresap's Lessee* v. *Hutton*, 9 Gill. 269; *Cheeny* v. *Cheeny*, 26 Verm. 606, and *Alden* v. *Grove*, 18 Penn. 377, it is held that the action is defeated. A contrary rule is laid down in *Jackson* v. *Leggett*, 7 Wend. 377; *Jackson* v. *Jeffries*, 1 A. K. Marsh. 90, and *Woods* v. *McGuin*, 21 Ga. 582. Our own statute furnishes, however, the means of determining this question.

Section 19 of the ejectment statute, provides that "it shall not be necessary for the plaintiff to prove an actual entry under title, nor the actual receipt of any of the profits of the premises demanded; but it shall be sufficient for him to show a right to the possession of such premises *at the time of the commencement of the suit*, as heir, devisee, purchaser, or otherwise." This is equivalent to saying that if the plaintiff had a title at the commencement of the suit, he shall recover, as the legislature had already provided in the third section, that if he had none at the commencement he should not recover. The state of the title at the commencement of the suit is made the criterion for either success or defeat. For this there was good reason. It has been the constant policy of this State to promote the easy sale and conveyance of land. To this end it was enacted at an early day, that land might be conveyed though adversely held. The action of ejectment is with us the only common law action for the determination of titles. Hence the statute gives each party a right to one new trial as a matter of right, and another in the discretion of the court. It thus often happens that a case remains for years in the courts before reaching a final determination. It can not have been the intention of the legislature to prevent the conveyance of lands during the long period through which the plaintiff in ejectment may often be kept in the courts, although the owner of a clear paramount title; and this may be asserted with the more confidence in view of our short statutes of limitation, under whose operation the grantee of a plaintiff in ejectment, or a purchaser under judgment and execution against the plaintiff, might be often barred from prosecuting a new suit. Neither can we dis-

cover any practical objection to allowing a plaintiff in eject-
ment to recover, notwithstanding a conveyance pending the
suit. The recovery would be under the title upon which the
suit was brought, and would practically inure to the benefit of
his grantee. To allow the recovery would also be in strict con-
formity to the issue made by the pleadings.

Counsel for the defendant in error urge that the 25th section
of the statute of ejectment applies to this case. That section
is as follows:

" If the right or title of a plaintiff in ejectment expire after
the commencement of the suit, but before trial, the verdict
shall be returned according to the fact, and judgment shall be
entered that he recover his damages by reason of the withhold-
ing of the premises by the defendant, to be assessed; and that,
as to the premises claimed, the defendant go thereof without a
day."

We understand this section as intended to apply to cases
where the plaintiff claims an estate for years or for the life of
another. Such an estate may " expire " pending the suit, by
the simple lapse of time, and in such cases there should, of
course, be no judgment for recovery of the possession because
there is no person entitled to the possession under the title upon
which the suit was commenced. But, where the estate of the
plaintiff has merely been transferred to another, it cannot, in
strictness, be said to have expired, and, unlike the other case,
there is a person in existence to whose benefit a recovery would
inure as the owner of the title on which the suit was com-
menced.

In our judgment, the ends of justice will be promoted by
giving to the statute such a construction as will allow a
recovery, notwithstanding a conveyance. The judgment must
be reversed.

*Judgment reversed.*