288      Reed *et al. v.* Tyler *et al.*      [Sept. T.,

Syllabus.

# William Kelsey Reed *et al.*

*v.*

# James E. Tyler *et al.*, Trustees, etc.

1. Return upon process — *in suit against an incorporated company.* The return upon a summons in chancery, issued against an incorporated company, showed service upon the cashier of the company, and stated: " The president not found in my county, he being a non-resident :" *Held,* this was sufficient to show that the president was a non-resident of the county of the officer who made the return, and to whom the writ was directed, and that being the county in which the suit was brought, the return was sufficient.

2. Cloud upon title — *tax deed — jurisdiction in chancery.* A party in possession of land may maintain a bill in chancery against one out of possession, to set aside as invalid, and a cloud upon complainants' title, a sale of the land for taxes and a deed thereunder.

3. Same — *jurisdiction in chancery, generally.* The rule seems to be, in such cases, that where the claim of an adverse party to land is valid upon the face of the instrument, or the proceedings sought to be set aside, and it requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere to set it aside as a cloud upon the real title to the land, and order the same to be delivered up and canceled.

4. Same — *remedy at law.* A party in the actual occupancy of land can not maintain ejectment against one out of possession, who only claims title to the land. The former can bring no suit at law to test the title.

5. Same — *of the terms of relief.* In this case, which was a bill to set aside, as invalid and a cloud upon complainants' title, a sale of the land for taxes and a deed thereunder, it appeared, the complainants claiming to own the land, and neglecting to pay the taxes thereon, permitted it to go to sale : *Held,* the relief should be granted only upon condition that all the taxes paid by the party claiming under the tax sale should be refunded to him.

6. Tax title — *condition upon which it may be questioned — validity of act of 1861.* The act of 1861, which requires the payment of the redemption money and interest as therein named, as a condition precedent to questioning the validity of a tax deed, except for certain specified causes, is unconstitutional, the effect of it being to compel a party to buy justice.

Appeal from the Superior Court of Chicago.

1870.]    REED *et al. v.* TYLER *et al.*    289

Statement of the case.    Opinion of the Court.

This was a suit in chancery, instituted by James E. Tyler, George Field and John F. Eberhart, trustees of the Norwood Land and Building Association, against George W. Reed, William Kelsey Reed and the Illinois Land and Loan Company, a corporation, to set aside, as invalid and a cloud upon the complainants' title, a sale for taxes, and a deed thereunder, of a certain tract of land, described as follows: "Except the railroad, south of McHenry road, fractional north-west quarter of section six, township forty north, range thirteen east of the third principal meridian, situated in Cook county, State of Illinois."

It appears, the complainants were in possession of the land, claiming to own the same, and permitted it to be sold, in August, 1866, for the unpaid State and county taxes due for the year 1865. George W. Reed became the purchaser at the tax sale, and having assigned the certificate of purchase to William Kelsey Reed, a tax deed was issued to the latter, who subsequently conveyed to the Illinois Land and Loan Company. Upon the final hearing, the court below decreed that the tax sale, the deed executed in pursuance thereof to William Kelsey Reed, and the deed from him to the Illinois Land and Loan Company, being a cloud upon the title of the complainants, be declared null and void.

The defendants thereupon took this appeal. The specific grounds of error assigned are set forth in the opinion of the court.

Mr. GEORGE SCOVILLE, for the appellants.

Mr. GWYNN GARNETT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, to set aside, as invalid and a cloud upon the complainants' title, a sale for taxes, and a deed thereunder, of certain real estate in Cook county, owned by the complainants and of which they were in possession, on the ground

19 — 56TH ILL.

290   Reed *et al. v.* Tyler *et al.*   [Sept. T.,

Opinion of the Court.

of certain irregularities in the proceedings whereby the tax deed was acquired, the bill alleging that the Illinois Land and Loan Company claimed the land in fee under the tax deed.

The first error assigned is, that the return of service was insufficient to authorize the entry of the default of the Illinois Land and Loan Company. The sheriff's return on the summons is: " Served this writ by reading to the within named William Kelsey Reed and to George W. Reed, and to William Kelsey Reed, cashier of the Illinois Land and Loan Company, the president not found in my county, he being a non-resident, and delivered to each of them a copy thereof, March 25, 1870." The statutory requirement in cases of this kind is, that " process shall be served upon the president of such company, if he reside in the county in which suit is brought, and if such president be absent from the county, or does not reside in the county, then the summons shall be served by the proper officer, by leaving a copy thereof with any clerk, cashier," etc. Gross' Stat. 506.

The objection taken is, that the return does not show that the president did not reside in the county. The whole return is to be taken together. The sheriff of Cook county, to whom the writ was directed, had just mentioned "my county" in his return, and when he undertakes to tell why the president was not found in his county, by stating that he was a non-resident, he could mean nothing else than that he was a non-resident of Cook county. That such was the reasonable and proper construction of the return we have no doubt. Words may be implied in an officer's return, as well as in other written evidence, where such implication is justified by what is expressed. *Farnsworth* v. *Strasler*, 12 Ill. 482.

All the defendants were properly in court, and the bill was regularly taken for confessed against them.

The next error assigned is, that a court of equity should not take jurisdiction of a case of this kind, but should leave the party to his remedy at law.

The appellants' counsel, in support of his position, insists

that it is the province of a court of law, and not of equity, to try the validity of a tax title; that the complainants had an immediate remedy at law; that they might have brought an action of ejectment to test their title at once against the Illinois Land and Loan Company, although the latter were not in possession and reference is made to the decisions of different courts, under statutes similar to our own, that ejectment will lie against a party out of possession, where he *claims title* to unoccupied land. Admitting that to be the construction of our statute in the case of unoccupied lands, we do not understand that ordinarily a party in the actual occupation of land can maintain ejectment against one out of possession, who only *claims title* to the land. The specific relief of canceling the deed could not be had at law. Although contradictory decisions are to be found on the point of jurisdiction, it appears to be now fully established, that where the claim of an adverse party to land is valid upon the face of the instrument or the proceedings sought to be set aside, and it requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere to set it aside, as a cloud upon the real title to the land, and order the same to be delivered up and canceled. *Hamilton* v. *Cummings*, 1 Johns. Ch. 517; *Pettit* v. *Shepherd*, 5 Paige, 493; 9 id. 388; *Piersall* v. *Elliott*, 6 Pet. 95; *Ward* v. *Dewey*, 16 N. Y. 519. In the present case, the only inquiry involved is the regularity of a tax sale proceeding and a deed thereunder; by the showing of the bill the deed is void. No defense is attempted to be made in its favor, but the bill is taken as confessed. The complainants, being in actual occupation, can bring no suit at law to test the title; the defendants will not do so, conscious of the invalidity of their title, and by the lapse of time vital proof may be lost. The deed is good on its face; its presence on the record would be likely to have the effect to deter from the purchase and impair the market value of the land; it is useless in the hands of the holder, except as a means of annoyance and extortion; and it

292          REED *et al.* v. TYLER *et al.*          [Sept. T.,

Opinion of the Court.

seems a fit case for the interposition of the power of a court of chancery to deprive the instrument of its means of mischief, by its cancellation.

Although two former decisions of this court have been referred to, which seem opposed to the exercise of this jurisdiction, it has been directly asserted in recent decisions of the court, from which we do not feel disposed to depart. *Gage* v. *Rohrbach, ante,* p. 262; *Gage* v. *Billings et al., ante,* 268, decided at the present term.

Before filing the bill, the complainants tendered to the defendants the amount of redemption money, and ten per cent interest, in pursuance of an act of the general assembly, approved February 21, 1861, requiring the same as a prerequisite to questioning the validity of the deed (Sess. Laws, 1861, 170); and it is assigned for error, that the court erred in not requiring the complainants to keep their tender good by bringing the money into court for the use of the defendants, or some of them, and in not requiring any money to be refunded to the defendants.

In *Wilson et al.* v. *McKenna,* 52 Ill. 44, it was held, that the provision of the general revenue law (Rev. Stat. 448, § 73), requiring payment of all the taxes due and assessed upon land before a tax title to it can be questioned, was unconstitutional, the effect of it being to compel a party to buy justice. For the same reason, the requirement in the act of 1861, of the payment of the redemption money and interest, as therein named, as a condition precedent to questioning the validity of a tax deed, must be held to be nugatory. The redemption money and interest, although tendered, was not brought into court; and the mere tender of it would not create a liability to pay it, where none existed before, and in this respect no error is perceived.

But the interference of a court of equity, in such a case, is a matter of discretion, and the court will, in granting relief, impose such terms upon the party as it deems the real justice of the case to require, the maxim here being emphatically

applied, that he who seeks equity must do equity (2 Story's Eq. Jur., § 693); and the condition of relief in this case should have been the refunding to the Illinois Land and Loan Company of all taxes paid on the land.

It is lastly assigned for error, that the court should have done equity to all parties by its decree, and should not have declared void the deed from William Kelsey Reed to the Illinois Land and Loan Company, without at the same time decreeing a return of the consideration paid by the company to Reed.

It is sufficient to say, that it does not appear that any consideration was paid, nor that there were any covenants in the deed.

For the error before indicated, the decree is reversed, and the cause remanded for further proceedings, in conformity with this opinion.

*Decree reversed.*

Mr. Justice Walker: I am not able to concur in the decision of the above case.