THOMAS EAGAN

*v.*

SUSAN CONNELLY

*Filed at Springfield October 1, 1883.*

1. EVIDENCE—*of statutes of another State.* A book, the title page of which reads, "Statutes of Ohio—By authority of the General Assembly—In force August 1st, 1854—Published in pursuance of the act of the General Assembly of April 18th, 1854," is admissible in evidence, under our law, to prove a particular statute of the State of Ohio.

2. DEED—*of proof of its execution in conformity with the law of another State.* A deed executed and acknowledged, or proved, in another

State, conveying land in this State, may be shown to have been executed and acknowledged, or proved, in conformity with the laws of such other State, by any legal mode of proving that fact. The foreign statute being proved, the certificates of acknowledgment will show for themselves whether they conform to it, and nothing more is needed, if such conformity is thereby shown.

3. SAME—*will pass husband's title, if his wife does not join in its execution.* In an action of ejectment a deed was offered in evidence purporting to convey the land of a man, in which a woman joined in its execution. It was objected that it was not properly shown that the woman was the wife of the grantor: *Held*, that the objection was trivial, as the deed would pass the legal title of the husband, though his wife did not join in its execution.

4. TAX TITLE—*what objections may be made without proof of the payment of all taxes.* Where a tax title is set up in defence to an action of ejectment, the plaintiff may object to the want of a sufficient judgment, precept or deed, without first showing that all taxes due upon the land have been paid.

5. SAME—*must be based on a valid judgment and precept.* A tax deed, when relied upon as title, is void, and not admissible in evidence, unless it is supported by a valid judgment and precept. The precept, though not technically process within the constitutional provision requiring all process to run in the name of the People, performs the office of an execution, and is the authority under which the officer sells.

6. SAME—*sufficiency of precept.* A precept for the sale of lands for taxes, issued in 1867, under a judgment for the taxes of 1866, under which land was sold, was not signed or sealed by the county clerk, and had no certificate of his attached thereto at the time of the sale: *Held*, that the precept was void, and that no title passed by the sale and subsequent deed, and that an amendment of the precept afterwards did not cure the defect, and render the sale valid.

7. SAME—*amending precept.* A precept for the sale of land for taxes, though not technically process, but answering the place and performing the office of an execution, should, in respect of amendments, be governed by the same rule applicable to the amendments of executions. Its amendment should not be allowed without notice to the owner whose land was sold, and it seems this should not be allowed at all after the time of redemption has expired. If absolutely void for want of the signature of the clerk and the seal of the court, it is not amendable.

8. Where a precept is a nullity, for any cause, the collector has no authority to sell land under it. His act of selling is a nullity, and a purchaser can base no right thereon; and if no right passes at such sale, no subsequent amendment of the precept can relate back and cause something then to pass, or of itself divest one man of his title and invest it in another.

APPEAL from the Circuit Court of Ford county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. CALVIN H. FREW, for the appellant:

The first error assigned is, that the appellee did not put himself in position to question any of the tax proceedings in this case. The statute then in force required that the plaintiff below should show that she "was the owner of the land at the time of the sale," and that all taxes due upon the land have been paid by such person, (chap. 89, sec. 73, Gross' Stat. p. 575, sec. 15,) which was not done. *Curry* v. *Hinman*, 11 Ill. 420.

The court erred in excluding the copy of the delinquent list, judgment and order of sale, and the certificate thereto by the county clerk, attached by leave of the county court.

As to the authority of the court to allow the amendment, counsel cited Rev. Stat. chap. 7, secs. 6, 7, 8, 9; *Doty* v. *Colton*, 90 Ill. 453; *Cairo and St. Louis R. R. Co.* v. *Holbrook*, 72 id. 419; *Church* v. *English*, 81 id. 442; *Dunham* v. *South Park Comrs.* 87 id. 185; *May* v. *People*, 92 id. 343; *Grassly et al.* v. *Adams*, 71 id. 550; *Chicago Planing Mill Co.* v. *Merchants' National Bank*, 86 id. 587.

The copy of the judgment order is in no sense process. *Curry* v. *Hinman*, 11 Ill. 420.

In this case, J. T. Wilson was a *bona fide* purchaser, and had nothing to do with the irregularities of the officers. *Phillips* v. *Coffey*, 17 Ill. 154; Rorer on Judicial Sales, secs. 139, 589, 659, 661; *Durham et al.* v. *Heaton*, 28 Ill. 264; *Goodwin et al.* v. *Mix*, 38 id. 116; *Iverson* v. *Loberg*, 26 id. 179; *Kruse* v. *Wilson*, 79 id. 233; *Stow* v. *Steel*, 45 id. 333.

These authorities sustain the doctrine the omission of the clerk was a mere irregularity, and that, in this case, can not be attacked collaterally.

The court erred in admitting the book as evidence of the statute of Ohio. There was no sufficient proof or compliance with our statute.

The certificates of acknowledgment do not certify that Emily S. Bruce is the wife of Cosmore G. Bruce—a like defect in Key's deed.

Mr. M. H. CLOUD, for the appellee:

The statute book of Ohio was properly admitted in evidence. Rev. Stat. 1874, p. 490, sec. 10; *Charlesworth* v. *Williams*, 16 Ill. 338; 1 Greenleaf on Evidence, sec. 489.

The claim that the Ohio statute required the officer to certify that Emily S. Bruce was the wife of Cosmore G. Bruce, is not supported by the statute. A tax title, if a title at all, is so *stricti juris*. *Altes* v. *Hinckler*, 36 Ill. 267.

The precept under which the sale was made was not certified by the clerk, as required by the statute. (1 Gross' Stat. 1873, pp. 604, 605, sec. 164.) It performs the same office as an execution. *Pitkin* v. *Yaw*, 13 Ill. 252.

An execution without a seal is void. *Davis* v. *Ransom et al.* 26 Ill. 200.

An amendment will not be allowed after such a lapse of time. *O'Conner* v. *Wilson*, 57 Ill. 226.

The amendment of the precept was unauthorized. An execution is not amendable, if void. *McCormick* v. *Wheeler*, 36 Ill. 122.

Material amendments are not allowed at a subsequent term of the court. *Lilly* v. *Shaw*, 59 Ill. 72; *Lill* v. *Stookey*, 72 id. 295.

The amendment was made without notice to the appellee. Such an amendment is void. *Swift* v. *Allen*, 55 Ill. 303; *Bryant* v. *Vix*, 83 id. 14; *Massachusetts Mutual Life Ins. Co.* v. *Kellogg*, 82 id. 616; *Gouch* v. *Patterson*, 94 id. 525; *Thrifts* v. *Fritz*, 101 id. 457.

A tax deed is void unless supported by a valid judgment and a valid precept. *Hinman* v. *Pope,* 1 Gilm. 141; *Atkins* v. *Hinman,* 2 id. 437; *Pitkin* v. *Yaw,* 13 Ill. 252; *Bailey* v. *Doolittle,* 24 id. 579; *Holbrook* v. *Dickinson,* 46 id. 286; *Wilding et al.* v. *Horner,* 50 id. 50; *Williams et al.* v. *Underhill,* 58 id. 138; *Gage* v. *Lightburn et al.* 93 id. 248.

It is a settled principle of the common law that a party claiming title under a summary and extraordinary proceeding must show that all the indispensable preliminaries to a valid sale, which the law has prescribed, have been complied with, or the conveyance to him will pass no title. *Garrett* v. *Wiggins,* 1 Scam. 131; *Conway* v. *Cable et al.* 37 Ill. 88; *Fischer* v. *Eslaman,* 68 id. 78.

The statute has never been held to require a party to show payment of taxes before objecting to the proceedings, where the tax proceedings are not sufficient to show a *prima facie* title in the grantee in the tax deed. *Spellman* v. *Curtenius,* 12 Ill. 412; *Wilson* v. *McKenna,* 52 id. 48.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment, by Susan Connelly, against Thomas Eagan, in the circuit court of Ford county, for the west half of the south-east quarter of section 25, in township 28 north, range 9 east, of the third principal meridian, in that county. Judgment was given for the plaintiff, and the case is brought here by the appeal of the defendant.

Plaintiff gave in evidence, upon the trial, a patent from the United States to Cosmore G. Bruce, a deed from Bruce and wife to Ell N. Keys, and a deed from Keys and wife to plaintiff, all embracing the land in controversy. Defendant objected to the reading of these deeds in evidence, upon the ground that the acknowledgments do not show that the grantors were personally known to the officer taking the acknowledgment. Both deeds were executed and acknowledged in the

State of Ohio, and upon this objection being made, plaintiff offered in evidence a book, the title page whereof reads thus: "Statutes of Ohio—By authority of the General Assembly— In force August 1st, 1854—Published in pursuance to the act of the General Assembly of April 18th, 1854." And plaintiff then also offered in evidence chapter 34, page 309, thereof, relating to the acknowledgment, etc., of conveyances. Defendant objected to this evidence, but the court overruled the objection, and permitted the statute to be read in evidence; and the court also, after the reading of this evidence, permitted the deeds to be read in evidence. Exception was taken to this ruling, and it is now assigned for error. No question is made but that the deeds were acknowledged as required by the statute read in evidence, and it will therefore be unnecessary to compare the acknowledgments with the requirements of the statute. We think the evidence was properly admitted. Section 10, chapter 51, of the Revised Statutes of 1874, page 490, provides that "the printed statute books * * * of the several States * * * purporting to be printed under the authority of * * * said States, * * * shall be evidence in all courts and places in this State of the acts therein contained." And it is provided by section 23, of chapter 30, of the Revised Statutes of 1874, page 277, that "all deeds, conveyances, and powers of attorney for the conveyance of lands lying in this State, which have been or may be acknowledged or proved * * * in conformity with the laws of any foreign State, * * * shall be deemed as good and valid in law as though acknowledged or proved in conformity with the existing laws of this State." And section 22 provides that "any legal mode of proving that the same is executed in conformity with such foreign law may be resorted to in any court in which the question of such acknowledgment may arise." The statute being proved, the certificates of acknowledgment show for themselves whether they conform to it, and nothing more is needed.

An objection is also made that the women joining in the acknowledgments are not properly shown to be the wives of the grantors. This is trivial. The deeds would pass the legal title though the wives did not join in their execution. The only object in having them join is that they may release their rights of dower, which is of no consequence whatever in this suit.

The defence interposed was a judgment and sale for taxes, and a deed thereunder, and plaintiff made certain objections thereto, to be hereafter noticed. Defendant, however, contends these objections can not be considered, because plaintiff did not show that all taxes due upon the land had been paid by her. This will not avail as against the objections here interposed. All persons may object to the want of a sufficient judgment, precept or deed. *Spellman* v. *Curtenius,* 12 Ill. 412; *Wilson* v. *McKenna,* 52 id. 48.

The judgment relied upon by defendant was for the delinquent taxes for the year 1866. The record of the lands and town lots against which the judgment was rendered, and upon and by virtue of which the land in controversy was sold, was not signed or sealed by the county clerk, nor did it have any certificate of his attached thereto at the time of the sale; but on the 4th of April, 1883, nearly sixteen years after the sale, the county court made an order that James S. Frederick, who was county clerk at the time of the sale, be granted "leave to attach the proper form of the clerk's certificate authenticating the record," etc., and the certificate was thereupon attached. The court, upon the trial, excluded the record so amended as evidence, and held no valid precept authorizing the sale was shown. The statute in force at the time of the rendering of the judgment and the making of the sale provided: "The clerk of the county court shall, before the day of sale, make a correct record of the lands and town lots against which judgment is rendered in any suit for taxes due thereon, and which shall set forth the name of the owner,

if known, the description of the property, and the amount due on each tract or lot, in the same order as said property may be set forth in the judgment book, and shall attach thereto a correct copy of the order of the court, and his certificate of the truth of such record, which record, so attested, shall hereafter constitute the process on which all real property shall be sold for taxes, as well as the sales of such property." 1 Purple's Stat. sec. 164, page 604.

It is true, as contended by counsel for the defendant, in *Curry* v. *Hinman*, 11 Ill. 420, it was held that a precept, substantially as required by the foregoing language, was not process, within the meaning of the 7th section of the 4th article of the constitution of 1848, and need not run in the name of the People; but this related only to the technical name of the instrument, and had no reference whatever to its effect. In *Pitkin* v. *Yaw*, 13 Ill. 251, in an action of ejectment to recover possession of certain lands by virtue of a deed claimed to have been made pursuant to a sale for taxes, it was held the record was properly excluded for want of a valid precept, and it was said: "A party claiming title by virtue of a sale for taxes must show a valid judgment against the land, a precept authorizing the sale thereof, and a sheriff's deed to the purchaser or his assignee. The precept is the authority under which the sheriff makes the sale. It performs the same office in this respect as an execution on an ordinary judgment." This court has many times held that a tax deed is void unless it is supported by a valid judgment and a valid precept. *Hinman* v. *Pope*, 1 Gilm. 141; *Baily* v. *Doolittle*, 24 Ill. 577; *Holbrook* v. *Dickinson*, 46 id. 285; *Wilding et al.* v. *Horner*, 50 id. 50; *Williams et al.* v. *Underhill*, 58 id. 137; *Gage* v. *Lightburn et al.* 93 id. 248. Although, therefore, not technically process, it answering the place and performing the office of an execution, should, in respect of amendments, be governed by the same rule applicable to the amendments of executions. The amendment

30—107 Ill.

ought not, in any event, to have been allowed without notice to the opposite party. But this is of but minor importance.

It is too obvious to require argument, that without the certificate of the clerk, as required by the statute, the record made up constituted no precept. This was as indispensable as his attestation to an execution. As we said in *Sidwell* v. *Schumacher*, 99 Ill. 426: "Where the law expressly directs that process,"—and we may here add, that which stands in the place and performs the office of process,—"shall be in a specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official whose duty it is to issue it, to comply with the law in that respect, will render such process void." And from this it logically follows, no subsequent amendment can relate back to and make valid a sale made under and by virtue of such void process,—and so we held in that case. There having been no precept at the time of the sale, the collector had no authority to make the sale. His act was a nullity, and the purchaser could base no right thereon. If no right passed at the sale, no subsequent amendment could, by relation, cause something to then pass, or of itself divest one man of his title and invest it in another. Were it possible to give an amendment such an effect, it would, in such cases, deprive a party of his right of redemption, for he could not be expected to exercise it so long as nothing passed by the pretended sale. See Cooley on Taxation, 242, and cases cited in note 1.

Our conclusion is, the record was properly excluded, and the judgment must, therefore, be affirmed.

*Judgment affirmed.*