## McGregor v. Village of Lovington.

1. *Waiver of Objection by Taking an Appeal.*—On the trial of a suit for the violation of a village ordinance, an objection in the form of a motion to dismiss the suit by the defendant on the ground that the justice was one of the village trustees, and therefore incapacitated to sit in the case, is waived by prosecuting an appeal under the statute.

2. *Ordinances—Depositing with the Village Clerk—Filing, etc.*—Under Sec. 46, Chap. 24, R. S., requiring all ordinances of cities and villages to

McGregor v. Village of Lovington.

be deposited in the office of the clerk before they become effective, the village of Lovington adopted an ordinance in terms requiring all ordinances of the village to be filed instead of deposited as required by the statute. *It was held* that a paper is, in legal effect, filed when it is delivered to the proper officer and by him received to be kept on file. The deposit with the proper officer is the thing essential, of which the filing is but evidence.

3. *Depositing an Ordinance with the Clerk Sufficient.*—The depositing the ordinance with the clerk is in compliance with the statutory requirement, and sufficient so far as the validity of the ordinance is concerned. It is immaterial whether it was filed or not.

4. *Ordinances—Proof of.*—Ordinances are proven *prima facie* under the statute, when printed in book or pamphlet form and published by authority of the village board. It is not necessary that a certificate of the clerk written or printed be appended to or accompany such book or pamphlet. It is sufficient if the book or pamphlet on its title page or by printed certificate of the clerk or otherwise on its face purports to have been published by the authority of the trustees.

Memorandum.—Suit for the violation of village ordinance. Appeal from the County Court of Moultrie County; the Hon. JOHN D. PURVIS, Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## APPELLANT'S STATEMENT OF THE CASE.

A prosecution brought by the village of Lovington, against McGregor, before a justice of the peace, for the violation of an ordinance prohibiting the sale or giving away of intoxicating liquor, resulted in a judgment against the appellant. The cause was appealed to the County Court of Moultrie County, resulting there also in a judgment against the appellant, who appeals.

To reverse the judgment appellant claims that the justice of the peace who tried the cause had not jurisdiction of the subject-matter of the suit, and consequently jurisdiction could not be conferred upon the County Court.

The cause was originally brought before Peter Lux, a justice of the peace. Appellant made affidavit for change of venue, and the said justice, instead of " transmitting all the papers and documents belonging to the suit to the nearest justice of the peace in the same district, who was not of kin to either party, sick, absent from town, or interested in the event of the suit, as counsel or otherwise," as required by

law (See Revised Statutes, Chapter 79, Sec. 30), sent the same to Jasper Bright, who was a justice of the peace in said district, and at the same time a trustee of the village of Lovington (plaintiff), as shown by admission of plaintiff. Appellant questioned Bright's jurisdiction and refused to defend before him on account of his interest in the suit. In the County Court, before the case went to trial, he made a motion to dismiss the suit for the reason that the justice who tried the case was interested in the subject-matter of the suit, and therefore having no jurisdiction to try the cause, could confer none on the County Court. This motion clearly should have been allowed in conformity to R. S., Ch. 79, Sec. 73, p. 890.

*Ordinance referred to in the opinion of the court :*
*Be it ordained by the President of the Board of Trustees of the Village of Lovington:* Section 19. All ordinances passed by the president and board of trustees shall, before they take effect, be filed in the office of the village clerk and approved by the president of said village board and duly published, as provided by the statute, within one month after their passage: *Provided,* that if the president of said board shall veto any ordinance so passed, said board may pass the same over such veto; and any ordinance so passed shall take effect and be in full force ten days after its publication, as other ordinances.

Passed February 11, 1881. Approved February 12, 1881.
Published February 23, 1881.

W. C. Dawson, President.
Attest: James H. Groves, Village Clerk.

CERTIFICATE OF AUTHENTICATION.

State of Illinois, County of Moultrie, ss.—I, Thomas H. Curtis, village clerk of the village of Lovington, do hereby certify that the foregoing is a true and correct copy of the revised ordinances of the village of Lovington, consisting of 21 separate and distinct ordinances, and numbered from one to 37, both inclusive, passed by the president and board of trustees of the village of Lovington, and ordered printed and published in book form by said president and board of trustees, the same being printed and published according to law.

In testimony whereof I have hereunto set my hand and affixed the corporate seal of said village of Lovington on this, the first day of May, A. D. 1890.

[L. S.]　　　Attest: Thomas H. Curtis, Village Clerk.
The signature to said certificate being printed.

McGregor v. Village of Lovington.

## APPELLANT'S BRIEF.

It would be a harsh rule that would require one to submit to a trial before a judge who was not only interested in the event of the suit, but was really, although not nominally, a party to the suit.  To require him to do so, is contrary to all law.  Cooley's Const. Lim., 410; Broom's Legal Maxims, 85.

The ordinance under which this suit was brought has never taken effect.  Before the village can recover under this ordinance, it is incumbent upon it to prove that at the time of the commission of the alleged offense the ordinance had taken effect.  It is not necessary for the defendant to prove that it had not taken effect.  Schott v. People, 89 Ill. 197; Newlan v. Pres. & Trustees of Aurora, 14 Ill. 365; Trustees of Elizabethtown v. Lefler, 23 Ill. 90; Booth v. Town of Carthage, 67 Ill. 104.

J. R. & WALTER EDEN, attorneys for appellant.

## APPELLEE'S BRIEF.

The fact that the ordinance was published by the clerk in book form by order of the board of trustees proves that they were deposited in his office, and if he did not mark them "filed" that could not affect the ordinance.  The delivery of a deed to the recorder is a sufficient filing.  In the clerk's certificate he says, "Passed by the president and board of trustees of the village of Lovington, and ordered printed in book form by said president and board of trustees, the same being printed and published according to law," which is a sufficient certificate to admit the ordinances in evidence.  Byars v. The City of Mt. Vernon, 77 Ill. 468; Scott v. People, 89 Ill. 198; Village of Betholto v. Conly, 9 Ill. App. 339.

W. G. COCHRAN, attorney for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
This was a prosecution against the appellant for a viola-

tion of an ordinance of the village. It came first for trial before a justice of the peace, who was at the time, one of the village trustees. The appellant, upon the theory that the justice, by reason of the fact that he was one of the village trustees, could not entertain jurisdiction of the cause, moved its dismissal.

The justice ruled that he was not so incapacitated by the trusteeship, and proceeded with the trial of the case, in which the appellant did not participate. The result was a judgment against the appellant, from which he appealed to the County Court. He renewed his motion in the County Court, where it was again overruled, whereupon the cause was tried before a jury, both parties participating. This trial resulted in a verdict and judgment against the appellant, to reverse which he brings this appeal.

Justices of the peace are given jurisdiction of prosecutions for the violation of village ordinances by Sec. 69, Chap. 24, Rev. Stat., which is the subject-matter of this suit. The justice in question had jurisdiction of the person of the appellant, and if there was any infirmity affecting his right to try the case it was because of his official connection with the village. Appeals from justices are wholly matters of statutory regulation, and the statute (Sec. 72, Chap. 79 R. S.) provides that appeals, so taken, shall be heard and determined in a summary manner, according to the justice of the case and without exception to any proceeding before the justice, unless it is that such justice had not jurisdiction of the subject-matter of the suit. (Sec. 73, Chap. 79.) By prosecuting an appeal under this statute the appellant must be held to have waived this objection, if it was ever good, as it does not question the jurisdiction of the subject-matter.

The appellant objected to the introduction of the ordinance upon which the prosecution was based, in evidence, the grounds of the objection being that the ordinance had not been filed by the village clerk, and that the certificate of the clerk thereto was defective.

Section 46, Chap. 24, R. S., requires all ordinances of a

city or village to be deposited in the office of the clerk before they become effective. The village of Lovington adopted an ordinance to the same effect, though in terms requiring the ordinance to be filed—that is, the word "filed" is used in the ordinance, instead of the word "deposited," as in the statute. A paper is in legal effect filed when it is delivered to the proper officer and by him received to be kept on file. The deposit with the proper officer is the thing essential, of which the filing is but evidence.

Depositing the ordinance with the clerk was in compliance with the statutory requirement, and is, we think, sufficient so far as the validity of the ordinance is concerned, whether the ordinance be marked filed or not. The clerk should, by placing the file-mark upon it, note the date and fact of its deposit in his office. If deposited, the ordinance would not be inoperative simply because the clerk neglected to file it.

The ordinance offered was printed in a book or pamphlet, which purported, as the clerk's printed certificate clearly shows, to have been published by authority of the village trustees.

Ordinances may so be proven *prima facie* under Sec. 65, Chap. 25, of our statutes. Nor is it necessary that any certificate of the clerk, written or printed, be appended to or accompany such work or pamphlet. It is sufficient if the book, on its title page or by printed certificate of the clerk, or otherwise on its face, purports to have been published by the authority of the trustees. To this effect Eagan v. Connelly, 107 Ill. 458.

The proof thus made of ordinances is only *prima facie* and may be rebutted, but it is *prima facie* proof of compliance with all legal requirements.

The appellant contends that he was denied the right to so rebut this proof.

Appellant claimed, and in his brief argues, that the ordinance, to be effective, must have been filed by the clerk according to the liberal reading of the ordinance upon that subject, and with this view introduced as a witness, Francis

Newlin, village clerk of Lovington, and legal custodian of the records of the village, and propounded the following question to. him:

Question: Has ordinance No. 4 been filed in your office?

An objection to this question was entertained, to which ruling appellant excepted. The appellant had, we think, the right to show that the ordinance had not been deposited for filing in the office of the clerk, but we think it immaterial whether it had been marked filed or not. The question was irrelevant and the objection to it therefore properly sustained.

Various objections made touching the alleged insufficiency of the certificate of the village clerk, which is appended to the printed ordinances, do not require consideration, if we are right in the conclusion hereinbefore expressed that no certificate whatever is required. Finding no error, the judgment must be affirmed.