JAMES W. CONVERSE

v.

CLARENCE F. DUNN.

*Filed at Ottawa April 3, 1897.*

1. EJECTMENT—*ejectment for vacant property lies though defendant is not in possession.* The provision of section 7 of the Ejectment act (Rev. Stat. 1874, p. 444,) authorizes the bringing of ejectment for premises not actually occupied, against any person claiming title thereto or an interest therein, although not in possession.

2. LIMITATIONS—*payment of taxes for seven successive years must be made prior to beginning ejectment suit.* Payment of taxes in good faith, under color of title, on vacant property, as provided for in section 7 of the Limitation act, (Rev. Stat. 1874, p. 674,) is no defense to ejectment unless made for seven successive years prior to the beginning of the suit.

3. SAME—*bringing ejectment arrests running of Statute of Limitations.* The bringing of ejectment by the owner of the paramount title arrests the running of the Statute of Limitations in favor of one paying taxes under color of title, and judgment may then be recovered after the statutory limit has expired.

APPEAL from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

PLUM & CLOYES, for appellant:

Payment of taxes on vacant land for seven successive years under color of title made in good faith, and possession then taken, is valid against all persons not under disability. That is all the law requires. *Whitney* v. *Stevens,* 77 Ill. 585; *Meacham* v. *Winstanly,* 77 id. 269.

It has been repeatedly held, in this State and elsewhere, that when the statute has begun to run nothing but a statutory provision can stop it. When a statute of limitations begins to run it will continue until it operates as a complete bar, unless there is some saving in the statute itself. *People* v. *White,* 11 Ill. 341.

If the statute once begins to run its course, an after-occurring fact or condition will not stop it before it becomes a complete bar. *Beattie* v. *Whipple,* 154 Ill. 283.

F. W. BECKER, for appellee:

The state of the title at the commencement of the suit is made the criterion for either success or defeat. *Mills* v. *Graves*, 44 Ill. 50.

Payment of taxes for seven years, coupled with color of title and possession, is not sufficient to create the bar. A period of seven full years must have intervened between the day when the first payment of the taxes was made and the day of the commencement of the suit. *Clark* v. *Lyon*, 45 Ill. 388; *Lyman* v. *Smilie*, 87 id. 259; *Pitkin* v. *Yaw*, 13 id. 251; *McConnell* v. *Konepel*, 46 id. 519; *Burton* v. *Perry*, 146 id. 71.

The bringing of suit by the plaintiff terminates the running of the Statute of Limitations, and he need not recover judgment within the statutory term. (13 Am. & Eng. Ency. of Law, 746.)

The owner of the paramount title can arrest the running of the statute at any time by bringing his action. *Miller* v. *Pence*, 132 Ill. 149.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of ejectment, brought by appellee against the appellant and others for certain lots in South Chicago, in Cook county. The suit was begun August 7, 1890. Pleas were filed, and a trial was had resulting in verdict and judgment for the plaintiff. This judgment was set aside and a new trial awarded under the statute. The defendant, Reed, withdrew his plea of general issue and suffered default. Thereupon the defendant, Converse, the appellant here, obtained leave to file a plea *puis darrein continuance*, and the clerk was ordered to file such plea as of July 13, 1893. The plea avers, in substance, that the defendant paid all the taxes upon the lots in question under color of title made in good faith during five successive years before the beginning of this suit while the lots were vacant and unoccupied; and that he paid all the

taxes legally assessed upon such lots for two years after the beginning of this suit while the same were vacant and unoccupied; and that, having paid the taxes upon such lots while they were vacant and unoccupied for seven successive years, five of which were before the beginning of the suit and two of which were after the beginning of the suit, he took actual possession on June 2, 1893, nearly three years after the beginning of the suit. The plea sets up such payment of taxes during such seven successive years while the lots were vacant and unoccupied, as a defense to the suit under section 7 of the Limitation law. (2 Starr & Curtis' Stat. p. 1547). The plaintiff below, appellee here, demurred to this plea. The demurrer was sustained, and the appellant elected to stand by the plea. Thereupon, the court entered judgment, that the plaintiff have and recover possession in fee simple of the premises, and that a writ of possession issue therefor. The present appeal is prosecuted from such judgment.

*First*—An action of ejectment may be brought, under the statute of this State, where the premises are not occupied, against a person claiming title thereto at the commencement of the suit. Section 7 of the Ejectment act is as follows: "If the premises are not occupied, the action shall be brought against some person exercising act of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit." (1 Starr & Curtis' Stat. p. 982). Section 22 of the same act provides: "It shall not be necessary for the plaintiff to prove that the defendant was in possession of the premises, or claims title or interest therein at the time of bringing the suit, or that the plaintiff demanded the possession of the premises, unless the defendant shall deny that he was in such possession, or claims title or interest therein, or that demand of possession was made, by special plea, verified by affidavit." (*St. Louis, Alton and Springfield Railroad Co.* v. *Hamilton*, 158 Ill. 366). Section 23 of said act provides, that it shall be

sufficient for the plaintiff "to show a right to the posses-
sion of such premises at the time of the commencement
of the suit, as heir, devisee, purchaser or otherwise."
(1 Starr & Curtis' Stat. p. 986).

In *Hanson* v. *Armstrong*, 22 Ill. 442, it was held, that,
under the said section 7, the action of ejectment can be
brought against a person claiming title, etc., when out of
possession and the premises are vacant and unoccupied.

In *Reed* v. *Tyler*, 56 Ill. 288, we said (p. 291): "Reference
is made to the decisions of different courts, under statutes
similar to our own, that ejectment will lie against a party
out of possession, where he claims title to unoccupied
land.   Admitting that to be the construction of our stat-
ute in the case of unoccupied lands, we do not understand
that ordinarily a party in the actual occupation of land
can maintain ejectment against one out of possession
who only claims title to the land." The case of *Reed* v.
*Tyler*, *supra*, does not directly, and in terms, decide that
ejectment will lie against a party out of possession where
he claims title to unoccupied land, but impliedly con-
cedes, that such is the proper construction of our statute
in the case of unoccupied land.   In New York, however,
where a section of the statute of that State was the same
as section 7 of our Ejectment law, it was held, in a case
involving the construction of such section, that eject-
ment for premises not actually occupied may be brought
against one claiming title at the commencement of the
suit.  (*Banyer* v. *Empie*, 5 Hill, 48.)   We are, therefore, of
the opinion that the present action of ejectment was not
improperly brought, although the defendants were not in
possession of the premises when the suit was commenced.

*Second*—The main question presented by the demurrer
to the plea *puis darrein continuance* is this: Can a defend-
ant in an action of ejectment set up as a defense thereto,
the payment of taxes for seven successive years, under
color of title made in good faith, upon vacant and unoc-
cupied premises, when five only of such years were before

the beginning of the suit, and two were after the begin-
ning of the suit; in other words, does the statute require
that the payment of the taxes upon vacant and unoccu-
pied land must be for a period of seven successive years
prior to the beginning of the suit, in order to make such
payment a defense to the action of ejectment?  We are
of the opinion, that section 7 of the Limitation law, which
requires the payment of the taxes for seven successive
years, under color of title made in good faith, upon va-
cant and unoccupied land, cannot be invoked as a de-
fense, unless such payments have been made for seven
successive years before the beginning of the suit.

It is a well settled rule of property in this State, that,
when color of title made in good faith and payment of
taxes for seven successive years on vacant and unoccu-
pied land have become united with the actual possession
of the holder of such color of title, the bar of said section
becomes complete and operative against the holder of
the true title.    (*Gage* v. *Smith*, 142 Ill. 191).    In the case
at bar, however, not only were two of the seven years
after the beginning of the suit, but the taking possession
upon the expiration of the seven years also occurred
after the beginning of the suit.

The general rule is, that the bringing of the suit
by the plaintiff terminates the running of the Statute of
Limitations, and that the plaintiff need not recover judg-
ment within the statutory term.    (13 Am. & Eng. Ency.
of Law, p. 746).    It is a peculiarity of other statutes of
limitation, that the statute does not run while an action
to recover the matter in dispute is pending.    (*Chicago and
Northwestern Railway Co.* v. *Jenkins*, 103 Ill. 588).    The same
principle applies to sections 6 and 7 of our Limitation
act, in regard to seven years' payment of taxes under
color of title made in good faith, coupled with possession
of the land, or while the land is vacant and unoccupied.
In *Miller* v. *Pence*, 132 Ill. 149, we said (p. 160): "The owner
of the paramount title can arrest the running of the stat-

ute at any time by beginning his action. If he lies by and allows the occupant to hold the land until the statutory bar becomes complete, it is his own fault."

In an action of ejectment the plaintiff must show title in himself at the time of the commencement of the suit. (*Pitkin* v. *Yaw*, 13 Ill. 251). It would avail him but little to show that he had title at the time of the commencement of the suit, if the right of recovery upon such title could be destroyed by the perfecting of title in the defendant after the beginning of the suit. In *Mills* v. *Graves*, 44 Ill. 50, it was said: "The state of the title at the commencement of the suit is made the criterion for either success or defeat."

This court has held in a number of cases, that payment of taxes for seven years coupled with color of title and possession is not sufficient to create the bar; but that a period of seven years must have intervened between the day when the first payment of taxes was made and the day of the commencement of the suit. (*Clark* v. *Lyon*, 45 Ill. 388; *McConnell* v. *Konepel*, 46 id. 519; *Lyman* v. *Smilie*, 87 id. 259; *Iberg* v. *Webb*, 96 id. 415; *Holbrook* v. *Debo*, 99 id. 372; *Burton* v. *Perry*, 146 id. 71). The same principle applies to section 7 in regard to the payment of taxes for seven successive years, under color of title made in good faith, upon vacant and unoccupied lands.

In the case at bar, the plea upon its face shows, that the first payment of taxes was on May 1, 1885, while the suit was begun upon August 7, 1890; so that only a little more than five years had elapsed between the first payment of taxes and the day of the commencement of the suit. It follows, that, under the decisions of this court, the defense set up in the plea demurred to was not a valid defense. The action of the court in sustaining the demurrer to the plea and rendering judgment for the plaintiff was, therefore, correct. Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*