### JACOB GLOS

*v.*

### SAMUEL F. BOUTON.

*Opinion filed December 22, 1897.*

1. CLOUD ON TITLE—*jurisdictional elements necessary to maintain bill to remove cloud.* Under our statute a bill to remove cloud from title can be maintained only when the complainant is in possession of the premises, or where the premises are vacant and unoccupied at the time of the filing of the bill.

2. VARIANCE—*when variance between allegation and proof is fatal.* An allegation in a bill to remove cloud that the complainant is in possession of the premises is jurisdictional, and, when denied by answer, the variance between such allegation, and proof that the premises were in fact vacant, unfenced and unimproved when the bill was filed, is fatal.

3. PLEADING—*what is not an admission that complainant in bill to remove cloud is in possession.* An allegation in an answer to a bill to remove cloud that the defendant had begun an ejectment suit against the complainant, which was then pending, is not an admission that the complainant was in possession of the premises, as ejectment may be brought for unoccupied premises against one asserting title thereto.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

ENOCH J. PRICE, for appellant:

In order to constitute a former action pending, so as to abate a second, it must appear that the prior action had been technically "commenced" when the latter action was instituted. 1 Ency. of Pl. & Pr. 754, 124.

The bill alleges possession in the complainant. This is a jurisdictional allegation, and is denied in the answer. The evidence is that the land is vacant, and that it has been in that condition for more than two years last past. Complainant having failed to prove his allegation of possession, his bill should have been dismissed. *Hardin* v. *Jones*, 86 Ill. 313; *Gage* v. *Abbott*, 99 id. 366; *Glos* v. *Randolph*, 133 id. 147; *Wetherell* v. *Eberle*, 123 id. 666; *Johnson* v. *Huling*, 127 id. 14.

EDWIN WHITE MOORE, and C. S. BOUTON, for appellee:

It is only necessary to make a *prima facie* case of ownership, as against a void tax deed, in a chancery proceeding, to remove such tax deed as a cloud. *Glos* v. *Randolph*, 138 Ill. 228.

There are only two cases under our law in which a party may file a bill to quiet title or to remove a cloud from the title to real property: First, when he is in possession of the lands; and second, when he claims to be the owner and the lands are unimproved and unoccupied. *Gage* v. *Abbott*, 96 Ill. 367; *Hardin* v. *Jones*, 86 id. 315.

Possession of land may be acquired and held by any use that clearly indicates an appropriation to the use of the person claiming to hold the property. *Truesdale* v. *Ford*, 37 Ill. 210.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill filed on July 9, 1896, by the appellee claiming to be the owner of certan lots in Cook county, Illinois, for the purpose of having a tax deed held by the appellant removed therefrom as a cloud upon the appellee's title. Answer was filed, and reference was taken to a master in chancery, who made a report, finding that the appellee was entitled to the relief prayed for in his bill, and recommending that a decree be entered in accordance with the prayer of the bill. Exceptions were

filed to the master's report, but these exceptions were overruled, and the court rendered a decree, confirming the report and setting aside the tax deed as a cloud upon the complainant's title.

Numerous questions are discussed by counsel which we do not deem it necessary to notice. The decree must be reversed for the reasons hereinafter stated.

Under our statute a bill to remove a cloud from title can only be maintained in two cases, namely: Where the complainant is in possession of the premises, or where the premises are vacant and unoccupied at the time of the filing of the bill. (*Johnson* v. *Huling*, 127 Ill. 14; *Glos* v. *Randolph*, 133 id. 197). In the case at bar, the bill alleges that the complainant was in possession of the premises at the time of the filing of the bill. This allegation of possession is a jurisdictional one, and is denied in the answer. The proof furnished by the complainant himself shows that, when the present bill was filed, the lots in question were vacant. Charles Sherman Bouton, who was called as a witness, first for the complainant, and then for the defendant, testified as follows: "The property lies between Rhodes avenue and Woodland avenue and between Seventy-ninth and Eighty-first streets, and is vacant. It stands at present as open, unenclosed city lots, and has stood in that condition for two years past. It was in that condition at the time of filing this bill." If the bill had contained an averment that the premises were vacant and unoccupied, the testimony thus introduced would have sustained such averment. But there was no testimony whatever to sustain the allegation, that complainant was in possession of the premises when the bill was filed. The *allegata* and the *probata* must agree. Here, they do not agree; nor was any motion made by the complainant to amend his bill to make it conform to the testimony introduced.

In a plea filed by the defendant below, which was held by the court to be insufficient, the defendant set up in bar

of the present suit, that he had theretofore commenced a suit in ejectment against the complainant for the lands here in controversy, and that said ejectment suit was still pending. Although the defendant's plea was held insufficient, the court permitted the facts therein alleged to be set up in the answer. The fact, that such an ejectment suit was begun before the present bill was filed and was still pending when the bill was filed, is admitted; and it is also admitted, that no service had been had upon complainant in said ejectment suit when the present bill was filed. We pass no opinion upon the question as to what effect should be given to the pendency of the ejectment suit upon the present suit.

The ejectment suit is only referred to because of the conclusion drawn by appellee's counsel from its pendency. He claims, that the ejectment suit could only have been brought upon the theory that the present complainant was in possession of the premises; that, by bringing the ejectment suit, appellant admitted that appellee was in possession of the premises; and that, consequently, appellant is estopped from denying that the appellee was in possession of said premises when the present bill was filed. This position is not well taken, because the commencement of the ejectment suit was not necessarily an admission that the defendant therein was in possession of the premises in controversy. We have recently held, that an action of ejectment may be brought, under the statute of this State, where the premises are not occupied against a person claiming title thereto at the commencement of the suit. (*Converse* v. *Dunn*, 166 Ill. 25).

For the reason that the bill avers the complainant to be in possession, and the proof fails to sustain the averment of the jurisdictional fact of possession, the decree of the circuit court is reversed, and the cause is remanded to that court.

*Reversed and remanded.*