# JAMES HAMILTON

*v.*

# CHARLES BEARDSLEE *et al.*

1. DECLARATION—*of the filing of—in a cause, what constitutes.* It is not sufficient, to constitute a filing of a declaration in a cause, to simply leave it in the clerk's office, on the clerk's desk, ten days before the return day of the term, but it is necessary that it be placed in the hands and under the control of the clerk; that it pass into his exclusive custody, and remain within his power, and that the object be communicated to him, in some manner capable of being understood.

2. SAME—*ante-dating file mark.* The clerk can not, without authority from the court, mark a paper filed in a cause, and ante-date the endorsement; this can only be done on motion to have it so filed *nunc pro tunc.*

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. C. M. HARDY, for the appellant.

Messrs. MOORE & CAULFIELD, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought in the superior court of Chicago. On the default day of the return term, no plea being filed, a judgment by default was rendered. Appellant appeared by his attorney and resisted the rendition of the judgment, on the ground that a declaration had not been filed ten days before the first day of the term. On a motion to set aside the default and to be let in to plead, appellant's attorney swore that he examined the files in the case in the clerk's office on the 22d day of January, 1869, and that no declaration was then filed; that he made a further examination on the 29th, but none was still filed; that on an examination which he made on the 1st of February, the return day, he, however, found a paper purporting to be a declaration in the case, but had upon it no file mark. The first he ever knew of it was on this last day, and he then informed appellant that he was not bound to plead at that term. He also states that appellees' counsel admitted in the presence of the court that the file mark had been placed upon the declaration on the second day of the term. Appellant swears he has a meritorious defense, consisting of a large amount of usury embraced in the note upon which the suit was brought, and that his attorney advised him that he was not required, under the practice of the court, to plead at the return term of the summons; that he employed his attorney on the 21st day of January, 1869, to defend the suit.

The counsel for appellees swears that he prepared the declaration in the case on the 21st of January, 1869, and sent it, by a clerk in his office, on that day, to be filed in the case

by the clerk of the superior court. The attorney's clerk swore that on the 21st of January, 1869, he took the declaration to the clerk of the superior court, and filed it in that office, at and on the desk usually occupied by Col. Jacobson, and that he did so in the presence of several of the deputies who were there and saw him; that he had filed other declarations in that manner.

On the hearing of the motion, it was overruled by the court; and the case is brought to this court by appeal, and a reversal is urged, because the court below allowed a default to be entered.

This record presents the question, whether the declaration was filed ten days before the commencement of the return term. It stands admitted that the clerk had not placed any file mark on it, and appellant's counsel swears he searched for a declaration on the next day after the time had expired for filing declarations for the February term, and again five days subsequently, and was unable to find any declaration. And even on the first day of the term, when it was found, it was not marked filed. Nor is there any pretense that doing what the lawyer's clerk calls a filing, he handed it to the clerk, or any deputy, or even called their attention to the fact that he desired to file it. He only laid it on the table, and left. Can this, in any sense, be regarded as a filing? All know that to file a paper in a cause, it must be placed in the hands and under the control of the clerk. It must pass into his exclusive custody and remain within his power. Not only so, but the purpose and object is to render it a part of the records of his office, and that object must be communicated to him in some manner capable of being understood. We do not say that it should or could be alone communicated by language written or verbal, but that he must, in some mode or other, be informed that the party intends and desires it to be filed. It may be that if an attorney directed all papers found in his office, in causes in the court, signed by him, should be filed, and the clerk acted upon such a direction, and actually filed such a

paper so found, it would be sufficient. But in this case no such direction is proved, and even if it could be inferred, there is nothing to show that the declaration ever came to the hands of the clerk prior to the first day of the term.

The design of the law is, that a defendant may have ten days before the term to know with what he is charged and to prepare for his defense. And the statute has declared that if the declaration is not filed that length of time before the term, the case shall be continued. In this case the defendant swears that he has a meritorious defense to a part of the cause of action, and his attorney made two several efforts within the ten days to see the declaration, but without success, and hence he did not have the opportunity to prepare his defense which the law provided he should have.

Neither the clerk nor any one of his deputies was produced to show that the declaration had been placed in the files for the requisite length of time, or amongst the papers of the case. To hold that such acts constitute the filing of a declaration would be to sanction a practice so loose that litigants could, and many times would, suffer great wrong. The declaration should have been so filed and in the custody of the clerk that appellant's counsel could have had access to it, or on the clerk's refusing to permit him to see it, he could have had his remedy against the clerk. We are clearly of the opinion that the evidence fails to show that this declaration was filed ten days before the term.

Nor did the fact that the clerk, without authority, marked the paper filed and ante-dated the endorsement, in the least alter the rights of the parties. He should not have so dated it. If the appellees' counsel had desired to have it filed as of the 21st, they should have entered a motion to have it so filed *nunc pro tunc.* On such an application, it would have been for the court, in view of all the circumstances, to determine whether such an order should be made.

The motion for a change of venue was overruled, and as the judgment must be reversed on other grounds, we deem it

31—51ST ILL.

unnecessary to discuss the question whether its disallowance was or not proper. The court below can determine that question when the case again comes before it for further proceedings. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*\*

3. MEASURE OF DAMAGES—*for non-delivery of grain by a warehouseman.* In assumpsit against a warehouseman for a refusal to deliver grain placed in store, on demand, according to his contract, the measure of damages is the value of the grain at the time it should have been delivered.

---

\*JAMES HAMILTON *et al.* *v.* CHARLES BEARDSLEE *et al.*

WALKER, J.: The facts in this case are in no respect essentially different from those in the preceding case. The same legal principles must, therefore, be applied to this, and we deem any further discussion of the questions unnecessary. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*