*In re* ESTATE OF CHESTER DAVISON, Deceased.—(ANN DAVISON, Appellant, *v.* BYRON DAVISON, Appellee.)

First District (3rd Division)    No. 80-499

Opinion filed December 16, 1981.

Seaberry & McDowell, of Chicago (James J. Seaberry, of counsel), for appellant.

Gail W. Boyd, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

On November 21, 1976, Chester Davison executed a codicil to his will leaving all of his estate to his son, Byron Davison. Chester Davison died on March 6, 1978, and on December 11, 1978, the codicil to the will of Chester Davison was admitted to probate over the objections of his surviving spouse, Ann Davison. At the close of the December 11 hearing, counsel for Ann Davison announced his client's intention to renounce the codicil.

At a subsequent hearing, counsel for appellee represented to the trial court that the renunciation of Ann Davison found in the court file was not filed within the statutory period of 7 months from the entry of the will into probate, and moved to vacate the renunciation. The motion was granted and Ann Davison, spouse of Chester Davison, deceased, appeals.

The sole issue on appeal is whether the trial court erred in holding that the renunciation of Ann Davison did not meet the requirements of section 2—8 of the Probate Act of 1975. That section provides:

"In order to renounce a will, the testator's surviving spouse must file in the court in which the will was admitted to probate a written instrument signed by the surviving spouse and declaring the renunciation. The time of filing the instrument is: (1) within 7

months after the admission of the will to probate or (2) within such further time as may be allowed by the court if, within 7 months after the admission of the will to probate or before the expiration of any extended period, * * *." (Ill. Rev. Stat. 1977, ch. 110½, par. 2—8(b).)

No extension of time for filing a renunciation is claimed here. Therefore, to comply with the statute, appellant's renunciation must have been filed within 7 months after the admission of the codicil to probate. A document is legally filed when it is delivered to the proper officer and receives proper endorsement; the person filing has the duty of delivery of the paper, and the officer has the duty of making the appropriate endorsement on the paper. (*Edwin Pratt's Sons' Co. v. Schafer* (1937), 290 Ill. App. 80, 85, 7 N.E.2d 901.) Delivery alone has been held to constitute filing since the person filing has no control over the officer who receives documents. (*Dowie v. Chicago, Waukegan & North Shore Ry. Co.* (1905), 214 Ill. 49, 73 N.E. 354.) Subsequent ministerial tasks of the clerk evidence the filing of a document but are not essential to its perfection. *McGregor v. Village of Lovington* (1892), 48 Ill. App. 202, 207.

In support of her contention that appellant's renunciation was not filed in time, counsel for appellee called as a witness Anthony G. Girolami, the chief deputy clerk of the circuit court of Cook County in charge of the probate division. Mr. Girolami testified that the proper procedure for filing a renunciation with the clerk in the probate division of the circuit court of Cook County is to hand the document to a clerk at the claim counter. The clerk then time stamps the document, enters it into the minute book, and sends the document to a microfilming station where a microfilm copy is made. Mr. Girolami further testified that the stamp on the face of the renunciation itself, which stated, "Filed, March 13, 1979," was not used at any of the counters in the probate division. Rather, it was a stamp used in the courtrooms of the probate division. Furthermore, Mr. Girolami testified that appellant's renunciation was neither entered into the minute book, nor sent to microfilming until October 3, 1979.

At this point, in response to a question by the court, counsel for appellant represented that he had given the renunciation to the clerk at the cashier (fee) counter. Mr. Girolami then testified that the clerk at that counter, if acting in accord with established office procedure, would not have used the stamp that appeared on appellant's renunciation. Mr. Girolami concluded his testimony by stating that if a clerk at the fee counter in the probate division discovers a document has been misfiled at his counter, the proper procedure is for him to notify counsel to file the document at the right counter.

At this hearing, counsel for appellant represented that he had handed Ann Davison's renunciation to a clerk in the probate division. Counsel for

appellant further represented to the court that after counsel for appellee notified him that she could not find appellant's renunciation in the files of the probate court, he too looked for the renunciation and failed to find it. He continued to check and the document was ultimately found and sent to microfilming on October 3, 1979. This was the extent of the evidence adduced below.

The trial court concluded that appellant's renunciation had not been timely filed. The court reviewed the evidence supporting this conclusion: (1) the stamp on appellant's renunciation which stated, "Filed, March 13, 1979," was not a stamp used on the 12th floor where renunciations are filed, but a stamp available to lawyers in all of the courtrooms on the 18th floor; (2) although the renunciation had the date March 13, 1979, stamped on it, for some unknown reason, it was not entered into the minute book or sent to microfilming until October 1979; (3) testimony of the chief deputy clerk revealed that if the renunciation had been handed to a clerk at the fee counter, the clerk would have directed appellant to the proper section of the counter for filing the document.

Counsel for appellant represented that he handed Ann Davison's renunciation to a clerk in the probate division. This representation was not contradicted by any direct evidence. Although appellee did produce evidence to rebut appellant's counsel's representations, this evidence was circumstantial and did not necessarily contradict the representations of appellant's counsel. Indeed, such evidence was also consistent with possible clerical error in following prescribed routines.

We may reverse when it appears that the decision of the trial court was contrary to the manifest weight of the evidence. (*Shelby Loan and Trust Co. v. Milligan* (1939), 372 Ill. 397, 24 N.E.2d 157.) Here we have the undisputed notice of a forthcoming renunciation given in open court coupled with the representation of the attorney, an officer of the court, that the renunciation was filed March 13, 1979, as the stamp thereon indicates. On the other hand, we have only circumstantial evidence which, if accepted as prevailing, would completely deprive a widow of any inheritance from her spouse's estate.

We find the decision of the trial court contrary to the manifest weight of the evidence and, accordingly, we reverse that decision.

Reversed.

RIZZI, P. J., and McGILLICUDDY, J., concur.