STEVE POLKA, Plaintiff-Appellant, v. ROBERT S. TURNER, Defendant-Appellee.

First District (5th Division)   No. 1—88—0842

Opinion filed April 21, 1989.

Thomas, Scannell & Heinemann, Ltd., of Blue Island, for appellant.

Judge & Knight, Ltd., of Park Ridge (Jay S. Judge, Janella L. Barbrow, and Betty J. Gloss, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

In this opinion, we consider whether a complaint bearing the date stamp of the clerk of the circuit court indicating it was processed after the running of the limitations period for the action may be considered timely filed where counsel presents facts to establish the complaint was delivered to the clerk's office within the limitations period.

The following facts are pertinent to our disposition.

On December 5, 1985, plaintiff was allegedly injured when he fell on defendant's driveway. He subsequently brought suit in the sixth municipal district of the circuit court of Cook County. The complaint in that action bears the date and time stamp of the circuit court

clerk's office indicating it was filed on December 8, 1987. Interestingly, the stamp indicates it was affixed to the complaint at 1:21 a.m. The back of the last page of the complaint contains a cashier's register stamp which indicates the filing fee was paid on December 8, 1987. The summons is also stamped December 8, 1987. Neither of those markings included a time designation.

On January 7, 1988, defendant moved to dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) on the ground that the time for filing plaintiff's action expired on Monday, December 7, 1987, in accordance with section 13—202 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—202). Plaintiff filed a response, asserting that although the complaint was stamped December 8, 1987, it was delivered into "the custody and control" of the clerk's office on December 3, 1987, and was effectively filed at that time.

Attached to plaintiff's response were the affidavits of two of plaintiff's counsel's employees. The affidavit of Christine Lambros stated that she prepared the summons and complaint in plaintiff's cause and that, on December 3, 1987, gave those documents to Mary Lou Byrne, a co-worker, for "immediate filing" with the circuit court clerk in Markham, Illinois. Mary Lou Byrne's affidavit stated that on December 3, 1987, she delivered "a group of pleadings along with a blank check for fees" to that office.

A hearing on defendant's motion was held on March 10, 1988. On the basis of the pleadings, affidavits, and authority cited by counsel, the court ruled that such delivery was not sufficient to constitute a proper filing, concluding that the date indicated by the clerk's stamp must govern the determination of when a complaint was filed. Taking judicial notice of the regular business hours of the clerk's office, the court stated that although the stamp indicated it was affixed to the complaint at 1:21 a.m., such was immaterial given that the date, not the time, controlled determination of when a complaint was filed. The court granted defendant's motion. This appeal followed.

OPINION

Essentially, plaintiff's argument on appeal is that the affidavits of Lambros and Byrne overcome *prima facie* proof, in the form of the clerk's stamp, that the complaint was filed on December 8, 1987. (See *Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 531 N.E.2d 1040.) Plaintiff contends the affidavits establish that the complaint was timely filed five days earlier when then "tendered" to the clerk of the circuit court, relying primarily on *Hamilton v. Beardslee* (1869), 51 Ill. 478,

to support that argument. We agree *Hamilton* controls here. However, we disagree with plaintiff's reading of that case and conclude a more accurate interpretation of *Hamilton* commands a different conclusion than plaintiff suggests.

*Hamilton* involved an action by defendant to vacate a default judgment entered in plaintiff's action for assumpsit on the ground that the declaration had not been timely filed 10 days before commencement of the return term. Defendant's counsel moved to set aside the default, swearing that he examined the case file twice during the return period and found no declaration. He swore that he again examined the case file on the return day and found a declaration which bore no file mark. Plaintiff's counsel swore he prepared the declaration on January 21, 1869, the second day of the return term, and on that date, sent it with one of his employees to be filed with the court clerk. The employee swore that on January 21, 1869, he filed the declaration with the clerk in the presence of several deputies. Based on those facts, the superior court denied defendant's motion.

On appeal, the supreme court noted that counsel's employee did not state that he actually handed the document to the clerk or any deputy or even called attention to the fact that he desired to file it. Rather, he only laid it on the table and left. Such an act could not constitute a filing, the court reasoned, as:

> "All know that to file a paper in a cause, it must be placed in the hands and under the control of the clerk *** [as] the purpose and object is to render it a part of the records of his office, *and that object must be communicated to him in some manner capable of being understood*." (Emphasis added.) (*Hamilton*, 51 Ill. at 480.)

The court stated that to hold otherwise "would be to sanction a practice so loose that litigants could, and many times would, suffer great wrong." (*Hamilton*, 51 Ill. at 481.) Because the manner of tender did not communicate plaintiff's direction, the declaration had not been timely filed and, therefore, the default improperly granted. *Hamilton*, 51 Ill. at 481.

■ We similarly conclude plaintiff here failed to set forth facts sufficient to avoid the defense that the complaint was not timely filed as is necessary when that bar is raised in a motion to dismiss pursuant to section 2—619. (See *Cundiff v. Unsicker* (1983), 118 Ill. App. 3d 268, 454 N.E.2d 1089.) As in *Hamilton*, plaintiff has failed to establish more than that the complaint was delivered to the clerk's office and left there. Neither the affidavit of Lambros nor that of Byrne

establishes that the documents were handed to the clerk or to a deputy of that office on December 3, 1987, with direction that the documents were to be filed *at that time* and that such direction was successfully communicated. Indeed, we note the affidavits, when considered together, fail to set out that plaintiff's complaint was, in fact, included with documents delivered to the clerk's office on December 3, 1987. Evidence of delivery, alone, of a complaint to the clerk's office on one date is insufficient to establish the complaint was then in the clerk's exclusive control such as would overcome *prima facie* proof the complaint was filed on a different date as indicated by the clerk's stamp. As the supreme court noted in *Hamilton*, equating mere delivery with filing would create a problematic practice, and, we suggest, one open to abuse. We therefore conclude the circuit court was correct in dismissing plaintiff's complaint.

Plaintiff further contends that the court improperly precluded plaintiff an opportunity to present the testimony of the affiants.

The record reveals that, at the outset of the hearing on defendant's motion, considerable discussion was had concerning whether the court would permit presentation of witnesses. Defendant's counsel objected to participating in an evidentiary hearing. When the court indicated a willingness to consider testimony, defendant's counsel asked to continue the matter so as to allow opportunity to present John Rita, the chief clerk, or procure Rita's affidavit. The court refused counsel's request, noting that other clerks were available to testify. Hearing on the motion proceeded.

Following arguments of counsel, the court ruled that, even if delivery of the complaint on December 3, 1987, was substantiated, such could not constitute a proper filing within the limitations period under the authority cited by plaintiff, particularly *Hamilton*. The court therefore indicated that witness testimony would be allowed only to the extent that that testimony could establish *Hamilton* was not controlling under the facts at issue. Plaintiff's counsel responded that the affiants would elaborate on their affidavits. Following that response, the court granted defendant's motion.

We cannot agree from the above that there is merit to plaintiff's argument that the court erred in deciding defendant's motion without allowing the affiants to testify. As stated previously, the affidavits failed to set out sufficient facts to substantiate that the documents were tendered to the clerk with a communicated understanding that they were to be filed on December 3, 1987. We cannot see how elaboration on the statements as contained therein would overcome that failure. Moreover, the record indicates that, when allowed an opportu-

nity to present that testimony in order to avoid a ruling on the basis of the pleadings and affidavits alone, plaintiff did not take initiative to do so.

For the above reasons, the decision of the circuit court must be affirmed.

Affirmed.

COCCIA and PINCHAM, JJ., concur.