BERNARD J. RILEY *et al.*, Plaintiffs-Appellants, v. JONES BROTHERS CONSTRUCTION COMPANY, Defendant (O'Hare Associates *et al.*, Defendants-Appellees).

First District (3rd Division)   No. 1—89—0189

Opinion filed May 9, 1990.

Anthony M. Colantoni, of McDowell & Colantoni, Ltd., of Chicago, for appellants.

Michael M. Lane and Ann P. Goodman, both of McCullough, Campbell & Lane, of Chicago, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, Bernard and Frances Riley, appeal the dismissal of counts III through VI of their amended complaint for damages for personal injuries sustained by Bernard due to the negligence of

defendants, O'Hare Associates and American Airlines, Incorporated (hereinafter appellees). The trial court dismissed the amended complaint under section 2—619(a)(5) of the Civil Practice Law, which provides for involuntary dismissal of actions not commenced within the time limited by law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) Counts I and II of the amended complaint remain pending in the trial court against the original defendant, Jones Brothers Construction Company.

On February 17, 1986, Bernard sustained personal injuries at O'Hare Airport. On February 8, 1988, Bernard filed a complaint in negligence and a jury demand against defendant Jones Brothers Construction Company (Jones). After Bernard dismissed his original attorneys, Goldstein, Goldberg and Fishman, his new attorneys, McDowell & Colantoni, Ltd. (McDowell), presented two emergency motions for hearing before Judge Dean Sodaro on February 17, 1988. The notices of motion pertaining thereto were stamped:

"FILED
Feb 17, 1988
MORGAN M. FINLEY
CLERK OF THE CIRCUIT COURT."

In the first motion, McDowell sought leave to file its appearance as plaintiffs' attorney. In the second, plaintiffs sought leave to file an amended complaint adding Frances as a plaintiff and appellees as defendants in Bernard's action against Jones. A copy of the amended complaint was attached to the second motion. However, it bore a docket number, 88—L—2183, different from that which had been assigned to the original action, 88—L—2483. The two emergency motions were stamped identically to the notices thereof. The copy of the complaint, attached to the second motion, was never date- or "filed"-stamped. On February 19, 1988, a paralegal employed by McDowell, Julie Isenberger, obtained the issuance of summons against O'Hare and American. The copy of the amended complaint served with the summons bore the correct docket number and was stamped as filed on February 19, 1988. Appellees were served with summons on February 25, 1988.

Subsequently, appellees filed motions to strike plaintiffs' amended complaint on the grounds that it was time barred under the two-year limitations period applicable thereto. The motions were based on the date which the copies of the amended complaint, served upon appellees, bore.

Plaintiffs opposed the motions on the grounds that their amended complaint had been initially filed on February 17, 1988, as shown by the notice of the emergency motion, the emergency motion for leave

to file the amended complaint and a printout of computerized docket entries by the office of the clerk of the circuit court of Cook County reflecting that fact. Plaintiffs also presented the affidavits of Isenberger and Michael Inman, one of their attorneys. In his affidavit, Inman stated that he filed plaintiff's amended complaint with Judge Sodaro's clerk, a deputy circuit court clerk, on February 17, 1988. In her affidavit, Isenberger stated that, on February 19, 1988, she filed summonses and complaints in this case with the sheriff of Cook County for service upon appellees. She further stated that, as part of that filing procedure, she first took the summonses and complaints to Room 801 of the Richard J. Daley Center, where a deputy circuit court clerk, *inter alia*, time and date stamped the amended complaints served upon appellees. Alternatively, plaintiffs argued that there was at least a material question of fact as to when the amended complaint was filed, given the affidavits of Isenberger and Inman and the computer printout.

After oral arguments, the trial court granted appellees' motion. It did so on the basis of: (1) the amended complaint with the February 19, 1988, "filed" stamp; (2) the absence of a copy of the amended complaint with a February 17, 1988, "filed" stamp; and (3) the printout of the circuit court clerk's computerized docket entries, which also reflected that the amended complaint was filed on February 19, 1988. Subsequently, the trial court denied plaintiffs' motion to reconsider its ruling.

OPINION

On appeal, plaintiffs first contend that there is sufficient evidence in the record to prove that the amended complaint was filed on February 17, 1988, notwithstanding the absence of a copy of the complaint stamped with that date.

Specifically, plaintiffs assert that the evidence in the record "by way of offer of proof" supports a likelihood that pleadings are filed in the circuit court without being date- or "filed"-stamped. That is why, they assert, the clerk's office considers a pleading filed if it is entered in its computerized docket. In support of the foregoing, plaintiffs cite the affidavit of one of their attorneys, Anthony Colantoni, filed in support of the motion to reconsider. Therein, Colantoni states that Joan Keane, a deputy clerk of the circuit court in Judge Sodaro's chambers, advised him that she "entered" the February 17, 1988, order granting plaintiffs leave to file the amended complaint *instanter*. Colantoni also states that Keane told him that it was not unusual for a pleading to be filed without bearing a "filed" stamp and that it was

more than possible that the amended complaint could have been filed without such a stamp. Finally, Colantoni stated that William Marzano, the chief clerk of the law division of the county department of the circuit court, informed him that if the computerized docket employed by the clerk's office showed a particular document as being filed with the clerk on a particular date, the document would have been so filed, despite the absence of a copy of the document bearing a "filed" stamp.

■■ ■ The problem with plaintiffs' argument is their reliance on the affidavit of Colantoni, which does not meet the requirements of Supreme Court Rule 191 (107 Ill. 2d R. 191). That rule requires that affidavits relating to a section 2—619 motion either be made on the personal knowledge of the affiant or, absent that, name the persons with such knowledge, state why their affidavits cannot be obtained and what the affiant believes such persons would testify to if sworn. (107 Ill. 2d Rules 191(a), (b).) Apparently recognizing the incompetency of Colantoni's affidavit as proof of the facts related therein, plaintiffs characterize the evidence in opposition to appellees' motion as being in the nature of an offer of proof. However, they did not so characterize Colantoni's affidavit at the hearing on their motion for reconsideration. More importantly, there is no provision in Rule 191 for such use of an affidavit. The affidavit is inadequate to reveal error in the dismissal of their amended complaint.

■ Plaintiffs next cite *In re Estate of Davison* (1981), 102 Ill. App. 3d 644, 430 N.E.2d 222, and *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 445 N.E.2d 1, in support of their position that the absence of a time or "filed" stamp is not fatal to the filing of a pleading or document. In deciding whether the renunciation of a codicil by a testator's spouse, which renunciation was in the court file but did not bear the correct "filed" stamp, had been filed within the time provided by statute, the *Davison* court stated:

> "A document is legally filed when it is delivered to the proper officer and receives proper endorsement; the person filing has the duty of delivery of the paper and the officer has the duty of making the appropriate endorsement on the paper. [Citation.] Delivery alone has been held to constitute filing since the person filing has no control over the officer who receives documents. [Citation.] Subsequent ministerial tasks of the clerk evidence the filing of a document but are not essential to its perfection." *Davison*, 102 Ill. App. 3d at 645.

Plaintiffs assert that Inman's delivery of the amended complaint to Judge Sodaro's deputy clerk constituted an adequate filing under

*Davison* because at that point he had done everything that he could "relative to a proper filing."

██ Notwithstanding *Davison* and *Sherman*, plaintiffs have not convinced us that Inman's delivery of the amended complaint merely to the deputy clerk of the circuit court in Judge Sodaro's courtroom, even if true, constituted delivery to the "proper officer." Section 13 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1987, ch. 25, par. 1 *et seq.*) provides that clerks of the circuit courts shall, *inter alia*, preserve all the files and papers of their courts and perform all other duties pertaining to their offices, as may be required by law or the rules and orders of their courts (Ill. Rev. Stat. 1987, ch. 25, par. 13). General Order 1.4 of the General Orders of the circuit court of Cook County provides:

"Actions commenced on and after September 4, 1984 in the several departments, divisions, and districts of the Circuit Court of Cook County shall be filed in the following offices of the Clerk of the Court:
COUNTY DEPARTMENT
Law Division, Room 801, Richard J. Daley Center, Chicago[.]"

██ Thus, General Order 1.4 requires the clerk of the circuit court to accept actions for filing submitted in Room 801 of the Daley Center. Concomitantly, it requires plaintiffs to submit actions for filing to that room as well. No provision is made for filing actions, whether original or amended, in the individual courtrooms of the Daley Center. Thus, while, under *Davison*, delivery alone may constitute sufficient filing and ministerial tasks such as stamping a pleading "Filed" are unnecessary to perfect a filing (see *McGregor v. Village of Lovington* (1892), 48 Ill. App. 202, 207), Inman's delivery of the amended complaint to the deputy circuit court clerk in Judge Sodaro's courtroom did not constitute a sufficient filing of the amended complaint.

In addition, plaintiffs assert that the record otherwise clearly reveals that the amended complaint was filed February 17, 1988. Citing the computerized docket entry to that effect, plaintiffs first argue that a presumption attaches that entries made in a docket mandated by the act previously cited were done properly. Citing *Department of Conservation v. First National Bank* (1976), 36 Ill. App. 3d 495, 344 N.E.2d 11, they further assert that such entries, being part of public records, are competent evidence of the facts contained therein.

██ As authority for the asserted presumption of the propriety of entries made in circuit court dockets, plaintiffs apparently rely on the observation in *First National Bank* that public officers are presumed

to have performed their duties properly since they have no motive to suppress or distort the truth or to manufacture evidence. (*First National Bank*, 36 Ill. App. 3d at 504.) The propriety of that presumption and the validity of the general rule of the evidentiary competency of public records notwithstanding, we find that Illinois case law required the establishment of a proper foundation for the computerized docket entry before it could be considered competent evidence of the facts reflected therein.

██ █ Such a foundation for computer-generated records is established when it is shown that the equipment which produced the record is recognized as standard, the entries were made in the regular course of business at or reasonably near the happening of the event recorded and the sources of information, method and time of preparation were such as to indicate their trustworthiness and to justify their admission. (*Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 202, 367 N.E.2d 1238; *Eastman v. Department of Public Aid* (1989), 178 Ill. App. 3d 993, 998, 534 N.E.2d 458; *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, 409, 357 N.E.2d 875.) None of the foundational requirements was met here. The computerized docket entry was thus not competent evidence that the amended complaint was filed on February 17, 1988, or, contrary to the trial court's belief, February 19, 1988.

Plaintiffs further assert that, against all of the evidence tending to show that the amended complaint was filed on February 17, 1988, the copy of the amended complaint stamped "filed" on February 19, 1988, reveals only that it was filed a second time, as asserted in Isenberger's affidavit.

██ Given the inadequacy and incompetency of the other evidence assertedly showing that the amended complaint was timely filed, it is the Isenberger affidavit which stands alone against the copy of the amended complaint stamped "filed" on February 19, 1988. The "filed" stamp on that copy of the amended complaint was *prima facie* evidence that the complaint was delivered to the proper officer for filing on the date indicated thereon. (*Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 1094, 531 N.E.2d 1040.) As such we find that the Isenberger affidavit merely contradicted that *prima facie* evidence but did not, alone, conclusively prove that the amended complaint was timely filed. Plaintiffs have failed to show that the trial court erred in concluding that they had not proved that the amended complaint was timely filed.

Alternatively, plaintiffs contend that, even if they did not conclusively prove that fact, the record reveals a material and genuine dis-

puted question of fact as to the filing date of the amended complaint. In view of the fact that they had timely filed a jury demand, they assert, the existence of that question of fact precluded dismissal of their amended complaint. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(c).) In support, plaintiffs cite *Stevens v. O'Bryant* (1979), 74 Ill. App. 3d 239, 392 N.E.2d 935.

*Stevens* held that, where affidavits and counteraffidavits submitted in support of and opposition to a motion to dismiss established a genuine issue of material fact as to the date a cause of action accrued, the trial court erred in resolving the issue against plaintiffs solely upon the affidavits and denying them an evidentiary hearing on the merits of the motion. In so doing, *Stevens* noted that the purpose of a now section 2—619 is to dispose of issues of law or easily proved issues of fact and that, if it cannot be determined with reasonable certainty from the record that the alleged defense exists, a motion to dismiss thereunder should be denied. *Stevens*, 74 Ill. App. 3d at 241-42, quoting *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 667, 373 N.E.2d 645, 649.

We do not find a genuine and material issue of fact in the record in this case. Specifically, we find that the Isenberger affidavit, which was plaintiffs' only adequate and competent evidence of a proper February 17, 1988, filing of the amended complaint, created a mere evidentiary inconsistency or contradiction in the record. This inconsistency or contradiction in the record was wholly inadequate to raise a genuine dispute as to the filing date of the amended complaint. (See *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 973, 372 N.E.2d 842.) Moreover, in accordance with *Stevens*, we believe that the filing date of the amended complaint was an easily proved factual issue and that the existence of the defense asserted by appellees was determinable with more than reasonable certainty from the competent evidence here. There was no genuine and material question of fact which precluded the grant of the motion to dismiss without an evidentiary hearing.

For all of the foregoing reasons, we affirm the order granting appellees' motion to dismiss the amended complaint.

Affirmed.

CERDA, P.J., and WHITE, J., concur.