MARY McREYNOLDS *et al.*, Petitioners-Objectors and Appellants, v. PATRICIA HARTLEY *et al.*, Respondents-Candidates and Appellees (Robert Miller *et al.*, as Members of the Lockport Township Electoral Board, *et al.*, Respondents).

Third District No. 3—93—0239

■

Opinion filed November 12, 1993.

Robert L. Tucker, of Robert L. Tucker & Associates, and William J. Harte, of William J. Harte, Ltd., both of Chicago (Courtney C. Nottage, of counsel), for appellants.

Block, Krockey, Cernugel & Cowgill, P.C., of Joliet (Joseph M. Cernugel, of counsel), for appellees.

Gary S. Mueller, of McKeown Law Firm, of Joliet (Joseph C. Fitzgerald, of counsel), for respondents Robert Miller, John Sluski, and Charles E. Pastore.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Petitioners, Mary McReynolds, Edward McReynolds and Judith Fite, appeal from an order which dismissed their petition for judicial review of the decision of the Lockport Township Electoral Board (Electoral Board). The sole issue raised on appeal is whether the trial court erred in dismissing the petition as untimely. We affirm because we conclude the petition was not timely filed.

On January 12, 1993, a caucus was held in Lockport Township for the purpose of selecting candidates from the Democratic Party to run for the township offices of supervisor, clerk, highway commissioner, assessor, collector and trustee. The candidates selected at the caucus, Patricia Hartley, George Mushro, Judy Batusich, Bernard Havidich, John Jack Waxweiler, William Doyle, Norbert Liker, Percy Conway and Herman Alberico, subsequently filed their nomination papers. Petitioners filed objections to the nomination papers with the Electoral Board. The Electoral Board held a hearing on petitioners' objections and filed a decision denying the objections on March 4, 1993.

Petitioners then filed their petition for judicial review of the March 4, 1993, decision. All of the candidates were named as respondents. Also named as respondents were the members of the Electoral Board and Clara Hartley Woodard in her capacity as Will County

clerk. We note that Woodard, who is now deceased, is not a party to this appeal.

The petition was file-stamped on March 16, 1993, at 8:46 a.m. Both the respondent-candidates and the Electoral Board filed motions to dismiss the petition, arguing that it was not timely filed. They contended that the 10-day period to file the petition expired on March 15, 1993.

Petitioners filed a response to the motions to dismiss. Attached to the response were the affidavits of Stephen Garcia and Courtney Nottage, two of petitioners' attorneys. In his affidavit, Garcia stated that he arrived at the office of the clerk of the circuit court of Will County "*at approximately 4:30 p.m. on March 15, 1993.*" (Emphasis added.) He was told by one of the deputy clerks that State law prevented her from taking any document for filing after 4:30 p.m. Garcia then asked to see the chief clerk. The chief clerk was not in, and the deputy clerk refused to accept the petition for filing. Nottage stated in his affidavit that the petition was accepted for filing on March 16, 1993.

A hearing was held on the motions to dismiss on March 23, 1993. Nottage argued that, based upon the facts presented in petitioners' response, the petition should be considered filed on March 15, 1993. The court granted the motions to dismiss. This appeal followed.

According to the applicable statute, petitioners had to file their petition within 10 days after the Electoral Board's decision. (10 ILCS 5/10—10.1 (West 1992).) Here, there is no dispute that the last day for timely filing was March 15, 1993. The parties also agree that the failure to file a timely petition deprives the circuit court of subject matter jurisdiction over the cause. (*Kozel v. State Board of Elections* (1988), 126 Ill. 2d 58, 69-70, 533 N.E.2d 796.) In addition, it is undisputed that the official office hours of the clerk of the circuit court of Will County end at 4:30 p.m. on each business day.

Following our review of the record, we conclude that Garcia must have arrived at the clerk's office after 4:30 p.m. During oral argument, the petitioners conceded that if Garcia could have sworn he arrived at the clerk's office before 4:30 p.m., he would have done so in his affidavit. We note that Garcia's affidavit did *not* contain any allegation that he arrived at the clerk's office before 4:30 p.m. on March 15, 1993.

The supreme court has held that "filing 'in the court' or 'with the clerk' means filing at the customary office and *within the customary office hours.*" (Emphasis added.) (*Daniels v. Cavner* (1949), 404 Ill. 372, 378, 88 N.E.2d 823.) It has been noted that the "uniform practice in the trial court has been to require actual receipt by the circuit

clerk, *as evidenced by the file stamp*, before a paper is considered filed." (Emphasis added.) (*Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 553, 500 N.E.2d 692.) Therefore, the actual filing date of a complaint or petition is when it is received and stamped by the circuit clerk's office. (*Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 1094, 531 N.E.2d 1040; *Wilkins*, 149 Ill. App. 3d at 554; see also *Polka v. Turner* (1989), 182 Ill. App. 3d 705, 538 N.E.2d 640.) A complaint is considered timely filed only when it is filed in compliance with the rules of the circuit court. See *Riley v. Jones Brothers Construction Co.* (1990), 198 Ill. App. 3d 822, 556 N.E.2d 602.

Petitioners nevertheless contend that the petition was filed when it was delivered to the deputy clerk on March 15, 1993. They rely on *Dowie v. Chicago, Waukegan & North Shore Ry. Co.* (1905), 214 Ill. 49, 73 N.E. 354. We recognize that it has been held:

"A document is legally filed when it is delivered to the proper officer and receives proper endorsement; the person filing has the duty of delivery of the paper, and the officer has the duty of making the appropriate endorsement on the paper. [Citation.] Delivery alone has been held to constitute filing since the person filing has no control over the officer who receives documents. [Citation.] Subsequent ministerial tasks of the clerk evidence the filing of a document but are not essential to its perfection." *In re Estate of Davison* (1981), 102 Ill. App. 3d 644, 645, 430 N.E.2d 222.

See also *Dowie*, 214 Ill. at 54.

We conclude, however, that the application of this rule of law requires a finding that the deputy clerk in this case should have performed the "ministerial" task of filing the petition. Here, the deputy clerk refused to file the petition because it was presented after 4:30 p.m. Section 6 of the Clerks of Courts Act provides:

"The clerks of the Circuit Courts shall keep their offices at the court house of their respective counties, and shall keep their offices open and attend to the duties thereof during such hours on each day, and on such days as may be ordered by the rule of the court in such county, which rule may be changed from time to time as the court may see fit." (705 ILCS 105/6 (West 1992).)

Also, a deputy clerk has no independent authority as deputy and may only perform duties under the direction of the clerk of the circuit court. (*St. Joseph Manufacturing Co. v. Daggett* (1877), 84 Ill. 556, 561.) Here, the hours of the clerk's office were properly set by rule and the deputy clerk refused to accept the petition for filing after

4:30 p.m. Under these circumstances, we cannot say that the deputy clerk should have accepted the petition for filing or acted improperly in refusing to do so.

We therefore conclude that the petitioners did not timely file their petition on March 15, 1993, by presenting it to a deputy clerk prior to 4:30 p.m. As a result, the petition was not filed until March 16, 1993, when it was file-stamped. Therefore, we find the petition was properly dismissed.

For the reasons indicated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and SLATER, JJ., concur.