Rule 23 order filed
December 14, 2005;
Motion to publish granted
January 26, 2006.

NO. 5-04-0293

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | |
|---|---|
| MARJORIE LYNN ROACH, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Union County. |
| | ) |
| v. | ) No. 03-L-36 |
| | ) |
| COASTAL GAS STATION, | ) |
| UNION COUNTY OIL COMPANY, | ) |
| and ROSE BAILEY, | ) Honorable |
| | ) Mark M. Boie, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiff, Marjorie Lynn Roach, filed a personal injury action against the defendants, Coastal Gas Station, Union County Oil Company, and Rose Bailey. The circuit court dismissed the plaintiff's complaint as untimely. On appeal, the plaintiff argues that the circuit court erred in dismissing her complaint because the complaint was delivered to the clerk's office on the day of the deadline and that the circuit court should have entered an order *nunc pro tunc* correcting the incorrect file-stamped date on the complaint. We affirm.

FACTS

On November 3, 2001, the plaintiff allegedly suffered personal injuries on the defendants' property. According to affidavits filed by Robert M. Wright, the courier for the plaintiff's attorney, on November 3, 2003, at 4:02 p.m., Wright appeared at the Union County circuit court clerk's office to file the plaintiff's complaint within the statute of limitations period. Wright placed the plaintiff's complaint "into the hands of" Lorraine Moreland, clerk of the Union County circuit court. Moreland looked at the document and inquired about its

1

contents. Wright told Moreland that the document was a complaint that required filing. After reviewing the complaint, Moreland returned it to Wright and told him that the clerk's office closed at 4 p.m. Moreland instructed Wright to return the following day to file the complaint. On the following day, at 12:01 p.m., Wright appeared at the courthouse and instructed Moreland to file the complaint, and the complaint was file-stamped November 4, 2003.

On November 25, 2003, the defendants filed a motion to dismiss, pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2002)), arguing that the plaintiff failed to file her complaint within the two-year statute of limitations (see 735 ILCS 5/13-202 (West 2002)). On December 23, 2003, the plaintiff filed a motion for leave to file *nunc pro tunc* and to modify the filing date of the complaint, requesting the court to determine that the complaint was properly filed when presented to the clerk on November 3, 2003, or that filing the complaint on November 4, 2003, was proper.

On February 4, 2004, after hearing arguments on the defendants' motion to dismiss, the circuit court dismissed the plaintiff's action. On February 25, 2004, the plaintiff filed a motion to reconsider. On March 3, 2004, the plaintiff filed her reply to the defendants' response to her motion to reconsider, along with Wright's supplemental affidavit. On April 12, 2004, noting that Wright's supplemental affidavit was self-serving and that the court was highly skeptical of its veracity, the circuit court denied the plaintiff's motion to reconsider. On May 10, 2004, the plaintiff filed a timely notice of appeal.

ANALYSIS

The circuit court's comments regarding the veracity of Wright's supplemental affidavit were unnecessary and served only to create confusion regarding the appropriate standard of review. The defendants did not file a counteraffidavit contradicting Wright's affidavits, and therefore, the facts set forth in Wright's affidavits are taken as true. See *Krilich v. American*

2

*National Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 572 (2002). Thus, on appeal, we consider the undisputed facts in light of the statute of limitations and circuit court rule to determine the propriety of the circuit court's dismissal pursuant to section 2-619 of the Code. See *In re Estate of Lum*, 298 Ill. App. 3d 791, 793 (1998) (when facts are not in dispute, appellate review is *de novo*); *E.A. Cox Co. v. Road Savers International Corp.*, 271 Ill. App. 3d 144, 148 (1995) (when the court's determination is made solely from the face of the documents with no weighing of the evidence or determinations of credibility, review is *de novo*); see also *Robidoux v. Oliphant*, 201 Ill. 2d 324, 332 (2002) (the construction of a statute or rule is a question of law and is reviewed *de novo*); *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997); *Krilich*, 334 Ill. App. 3d at 569; *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 559-60 (2000) (appellate review of a dismissal in response to a motion pursuant to section 2-619 of the Code is *de novo*). We review this case *de novo*.

The plaintiff argues that the circuit court erred in dismissing her complaint as untimely. Specifically, the plaintiff argues that although her courier arrived after the official closing time, the clerk physically accepted the complaint before handing it back to the plaintiff's courier; the plaintiff argues, therefore, that she effectively filed her complaint at 4:02 p.m. on November 3, 2003, within the statute of limitations period. We disagree.

Actions for damages for personal injury shall be commenced within two years after the cause of action accrued. 735 ILCS 5/13-202 (West 2002). To commence such an action, the proper documents should be filed with the clerk at his official office and during usual business hours. *Daniels v. Cavner*, 404 Ill. 372, 378 (1949) (presenting nominating papers to the clerk at his residence after office hours did not constitute a filing with the clerk within the meaning of the Election Code). While delivery alone may constitute sufficient filing and ministerial tasks such as stamping a pleading "filed" are unnecessary to perfect a filing (*In re*

3

*Estate of Davison*, 102 Ill. App. 3d 644, 645 (1981)), "[t]he uniform practice in the trial court has been to require actual receipt by the circuit clerk, as evidenced by the file stamp, before a paper is considered filed" (*Wilkins v. Dellenback*, 149 Ill. App. 3d 549, 553 (1986)). Although policy favors the acceptance of the mailing date as the filing date for certain documents, such as a posttrial motion or a notice of appeal, this policy has never been applied to the filing of pleadings such as a complaint. *Wilkins*, 149 Ill. App. 3d at 553. "A complaint is considered timely filed only when it is filed in compliance with the rules of the circuit court." *McReynolds v. Hartley*, 251 Ill. App. 3d 1038, 1041 (1993).

In *McReynolds*, 251 Ill. App. 3d at 1040, the petitioners' attorney arrived at the clerk's office at 4:30 p.m. on the day of the deadline, and a deputy clerk told the petitioners' attorney that state law prevented her from accepting documents for filing after 4:30 p.m. The petition was accepted for filing the next day, and the trial court dismissed the petition as untimely. *McReynolds*, 251 Ill. App. 3d at 1040.

The appellate court in *McReynolds* distinguished *In re Estate of Davison*, 102 Ill. App. 3d at 645, which the plaintiff has also cited here and which held that the delivery of a document may constitute filing because the person filing has no control over the clerk receiving the documents and that the clerk's subsequent ministerial tasks, *i.e.*, file-stamping the document, evidence the filing of a document but are not essential to its perfection. The *McReynolds* court held that the *In re Estate of Davison* rule of law implicitly required a finding that the deputy clerk *should have* performed the ministerial task of filing the petition. *McReynolds*, 251 Ill. App. 3d at 1041. Because the petition in *McReynolds* had been presented after the hours properly set by rule, the appellate court could not say that the deputy clerk should have accepted the petition for filing or that she acted improperly in refusing to do so. *McReynolds*, 251 Ill. App. 3d at 1042. Thus, the court in *McReynolds* held that the trial court had properly dismissed the petition as untimely because the petitioners did

4

not timely file their petition by presenting it to a deputy clerk prior to 4:30 p.m. on the day of the deadline. *McReynolds*, 251 Ill. App. 3d at 1042.

To avoid a dismissal pursuant to the applicable statute of limitations, the plaintiff's complaint should have been filed on November 3, 2003, within two years of her injury. See 735 ILCS 5/13-202 (West 2002). According to Wright's affidavit, he arrived at the clerk's office to file the plaintiff's complaint on November 3, 2003, at 4:02 p.m., after the clerk's office's closing time as established by rule (1st Judicial Cir. Ct. R. 1.13 (eff. July 1, 1995) (the office shall be open Monday through Friday, from 8 a.m. to 12 noon and from 1 p.m. to 4 p.m.); 705 ILCS 105/6 (West 2002) (clerks shall keep their offices open and attend to the duties thereof during such hours on each day and on such days as may be ordered by court rule)). The plaintiff had two years to file her action, had notice of the opportunity to file before 4 p.m. via the published operating hours, and admits that her courier arrived at the clerk's office after 4 p.m. See *Keating v. Iozzo*, 155 Ill. App. 3d 774, 780 (1987) (because the plaintiff had notice and an opportunity to comply with the statutory deadline and could show no hardship from the limitations, the trial court properly denied the request for an extension of the statutory deadline). We cannot say that the clerk should have accepted the plaintiff's complaint for filing or that she acted improperly in refusing to do so. *McReynolds*, 251 Ill. App. 3d at 1042. The plaintiff failed to file her complaint within two years after the cause of action accrued (735 ILCS 5/13-202 (West 2002)) because she failed to present it to the clerk prior to 4 p.m. on November 3, 2003. Therefore, the circuit court properly dismissed the plaintiff's complaint as untimely.

The plaintiff argues that *McReynolds* is distinguishable because, in the present case, Moreland physically took possession of the complaint. However, we find Moreland's review of the document, before returning it to Wright to advise him that the office was closed, insignificant for purposes of our evaluation. Moreland's physical contact with the plaintiff's

complaint did not create an obligation to accept it for filing on that date, when there was no prior obligation to do so because the office had officially closed.

The plaintiff also argues that because Moreland made a clerical error in failing to file-stamp the plaintiff's complaint on November 3, 2003, the circuit court should have entered an order *nunc pro tunc* to correct the date of the filing of the plaintiff's complaint to November 3, 2003.

A trial court has the inherent authority to enter a *nunc pro tunc* order to correct clerical errors or matters of form in a prior order or other written record of judgment to ensure that the record conforms to the judgment actually rendered by the court. *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991). "The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court." *Beck*, 144 Ill. 2d at 238.

Because we hold that Moreland committed no error, clerical or otherwise, in refusing to file the plaintiff's complaint after closing time on November 3, 2003, the plaintiff's complaint was properly filed on November 4, 2003, and the circuit court properly denied the plaintiff's request to enter an order *nunc pro tunc* stating otherwise.

The circuit court properly dismissed the plaintiff's complaint with prejudice for the failure to file her personal injury action within the applicable two-year statute of limitations period and properly denied the plaintiff's request to enter an order *nunc pro tunc*.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Union County is affirmed.

Affirmed.

SPOMER, P.J., and CHAPMAN, J., concur.