**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 210018-U

Order filed September 29, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JULIUS MIDDLETON, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-21-0018 |
| v. | ) | Circuit No. 20-SC-4656 |
| | ) | |
| HOWARD M. CHEVLIN, | ) | Honorable |
| | ) | Roger D. Rickmon, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The dismissal of the plaintiff's complaint as untimely was reversed because, although the plaintiff delivered the complaint to the clerk's office in a timely fashion, it was not file-stamped until after the application for waiver of fees was granted, which is contrary to the fee statute's provision that papers filed with the application for a waiver of fees are considered filed on the date the application is presented.

¶ 2    The plaintiff, Julius Middleton, appeals the dismissal on statute of limitations grounds of his small claim complaint filed against the defendant, Howard M. Chevlin.

¶ 3                                      I. BACKGROUND

¶ 4    The plaintiff's complaint alleges that he was injured in a motor vehicle accident that occurred on September 5, 2018, and the plaintiff sought to recover damages from the defendant. The complaint was file-stamped by the clerk's office with the date of September 11, 2020. Based on that date, the defendant filed a motion to dismiss the complaint pursuant to section 619(a)(5) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(5) (West 2020)), contending that the action was barred by the applicable two-year statute of limitations.

¶ 5    The plaintiff, proceeding *pro se*, responded to the motion to dismiss with a motion to backdate the small claim complaint and to dismiss the defendant's motion to dismiss. The plaintiff alleges that he presented the complaint to the clerk of the Will County circuit court on September 4, 2020, and he also filed a certification for exemption for e-filing and an application for a waiver of court fees. The application for waiver was granted by an order dated September 10, 2020. That order and the complaint were then file-stamped by the clerk's office on September 11, 2020.

¶ 6    The trial court granted the defendant's motion to dismiss, denied the plaintiff's motion to backdate, and dismissed the action with prejudice. The plaintiff appealed.

¶ 7                                      II. ANALYSIS

¶ 8    The plaintiff argues that when he delivered his complaint to the clerk's office on September 4, 2020, it was timely filed since the accident had occurred on September 5, 2018, so the dismissal of the complaint was in error. The defendant contends that the complaint was properly dismissed because the complaint was not file-stamped until September 11, 2020, after the application for

waiver of fees was granted. Also, the defendant contends that there was no evidence in the court record to support the plaintiff's contention that he went to the clerk's office on September 4, 2020.

¶ 9   The plaintiff does not dispute that the applicable statute of limitations required him to file his action within two years of the accident. 735 ILCS 5/13-202 (West 2020). The trial court took as true that the plaintiff came into the courthouse on September 4, 2020, but it found that the application for the waiver of court fees did not toll the statute of limitations. Thus, the trial court concluded that the complaint was filed on September 11, 2020, when it was file-stamped after the application was granted, making it untimely.

¶ 10   An action is commenced by the filing of the complaint. 735 ILCS 5/2-201 (West 2020). Unless exempt, all documents in civil cases are required to be filed electronically. Ill. S. Ct. R. 9(a) (eff. Aug. 14, 2020); 12th Judicial Cir. Ct. R. 18.01 (eff. Nov. 30, 2015). In terms of electronic filing, Supreme Court Rule 9(d) provides that a document is considered timely if it is submitted before midnight on the date that it is due. Upon acceptance, it will be file-stamped as filed on the date of submission, unless submitted on a day that the clerk's office is not open. In that case, the document will be file-stamped as filed the next day the clerk's office is open for business.

¶ 11   The plaintiff in this case sought an exemption from e-filing pursuant to Supreme Court Rule 9(c)(5)(i) and presented in person that certificate along with his complaint and the application for waiver of fees. Although the local court rules provide that the clerk "shall time-stamp any documents presented," (12th Judicial Cir. Ct. R. 4.01A (eff. Nov. 30, 2015)) it does not appear that any of the documents were time-stamped upon receipt. According to the trial judge, the court policy was that, when there was an application for waiver of fees, no documents were filed until the chief judge signed the waiver.

3

¶ 12    Although by statute the fees of the clerk of the circuit court "shall be paid in advance" (705 ILCS 105/27.1b (West 2020)), this language has been interpreted to be merely directory, not mandatory. *Hanks v. Floyd*, 51 Ill. App. 3d 1048, 1050 (1977). Also, section 5-105(e) of the Code provides that "[t]he clerk of the court shall not refuse to accept and file any complaint *** presented by the applicant if accompanied by an application for waiver of court fees, costs, and charges, and those papers shall be considered filed on the date the application is presented." 735 ILCS 5/5-105(e) (West 2020).

¶ 13    Thus, we find that the plaintiff's complaint was considered filed on the date that the plaintiff presented the complaint and the application for waiver of fees to the clerk of the court. The plaintiff stated in court that he had a copy of the application where one of the clerks wrote his initials and the September 4, 2020, date on it. The plaintiff was going to file it with the court, but it is not in the record on appeal. The transcript reveals that the defendant's attorney did receive a copy, and the plaintiff stated that he sent it by email to the court. The trial court stated that it did not receive email documents. The trial court proceeded to hear sworn testimony from the plaintiff's wife that the complaint was filed on the date indicated by the clerk, September 4, 2020, and the trial court indicated that it believed that testimony. There was no allegation that the filing was made after office hours. See *McReynolds v. Hartley*, 251 Ill. App. 3d 1038, 1041 (1993) (complaint filed after hours was not timely filed). Thus, we reverse the dismissal of the complaint and remand for further proceedings.

¶ 14                                      III. CONCLUSION

¶ 15    The judgment of the circuit court of Will County is reversed and remanded.

¶ 16    Reversed and remanded.

4